## J. A. C. PEARCE *et al. v.* JOSEPH TWICHELL.

1. REPLEVIN: MAY BE BROUGHT IN THE NAME OF ONE FOR THE USE OF ANOTHER.—The action of replevin may be brought in the name of one party for the use of another ; it may be prosecuted in the name of the party holding the legal title, in his own name, but as trustee for another who may be entitled to the avails of the suit.   This may appear in the pleadings, and the *cestui que trust* be not a party to the suit.   *Peck* v. *Ingraham & Reid,* 28 Miss. R. 246, 266.

2. SAME: WHEN ACTION BROUGHT FOR THE USE, THE JUDGMENT SHOULD BE AGAINST THE PARTY IN WHOSE NAME SUIT IS BROUGHT, AND NOT AGAINST BENEFICIARY.—A judgment for the defendant in an action of replevin, where the suit is brought in the name of a party for the use of another, should be against the real plaintiff and not against the beneficiary, the usee in the action.

3. SAME: WRIT OF INQUIRY HOW EXECUTED.—In an action of replevin, where the plaintiff who has given bond for the forthcoming of the property makes default, and a writ of inquiry is awarded, the jury in executing the writ should not only assess the damages sustained by the defendant, but also the value of the property replevied.

4. SAME: FORM OF JUDGMENT AGAINST PLAINTIFF WHO HAS REPLEVIED THE PROPERTY.—In an action of replevin, a judgment against the plaintiff, who has given bond for the forthcoming of the property in controversy,

Pearce *v.* Twichell.

should be against him and the securities, on his replevin bond that they restore the property to the defendant or pay him the value thereof as assessed by the jury, and also the damages assessed for the wrongful suing out of the writ.

ERROR to the Circuit Court of Tishamingo county. Hon. W. D. Bradford, judge.

*Gholson, Beene* and *Robbins* for plaintiffs in error.

*Reynolds, Boone* and *Reynolds* for defendant in error.

HARRIS, J., delivered the opinion of the court.

Plaintiff in error, Pearce, as the agent of Nedom L. Angen, sued out his writ of replevin for the use of said Pearce, returnable to the March term, 1866, of the Circuit Court of Tishamingo county, which was levied by the sheriff on the corn in dispute, and the said plaintiffs in error executed their replevin bond, and the corn was delivered by the sheriff to the said Pearce. The bond recites that Pearce, instead of Angen, is the plaintiff in replevin, and binds him and the other defendant in error to have the said corn forthcoming, to answer the judgment of the court, &c.

At the March term, 1866, of said Circuit Court a declaration was filed, in the name of said *Angen for the use of said Pearce,* against the said Twichell in replevin, in the usual form. To which declaration the defendant filed his plea, in accordance with the statute, denying the allegations of the declaration and concluding to the country.

On the 20th March, 1866, the plaintiff filed his application and affidavit for a continuance, which was granted.

Afterwards, at the September term of the court, 1866, the defendant asked leave to withdraw his plea and file a demurrer to the declaration, which motion was sustained by the court, and the judgment of the court granting said motion excepted to, and bill of exceptions taken and allowed.

On the same day the defendant filed his demurrer to the declaration, on the ground that it is in the name of Angen *for the use of Pearce.*

The court sustained the demurrer, and the plaintiff refusing to amend his declaration, judgment was entered against "the plaintiff and his security on the replevin bond, J. W. Burriss," according to the statute, and a writ of inquiry awarded, returnable to the next term of said court, to assess the value of the property and the damages sustained.

At the March term, 1867, of said court, the plaintiff moved to set aside the judgment by default rendered against him at the last term, and for leave to amend his declaration, which motion was overruled and exceptions taken, making the affidavits read in support of the motion a part of the record. A jury was then empanelled, who assessed the damages which the defendant had sustained at $783.76, upon which verdict judgment was rendered in these words: "It is therefore considered by the court that the said defendant recover of the said plaintiff, J. A. C. Pearce, the damages so assessed, and the costs herein incurred."

A motion was then made to set aside the verdict, which was overruled, and a bill of exceptions taken. And the case is brought to this court by writ of error.

Many errors are assigned, which it will not be necessary to notice.

The demurrer to the declaration on the ground that the action was brought in the name of Angen for the use of Pearce, was improperly sustained.

A person may be entitled to the use and benefit of a suit and not be technically a party to it; as, for example, a suit may be prosecuted in the name of the party holding the legal title in his own name, but as trustee for another who may be entitled to the avails of the suit; and that may appear in the pleadings. Yet that would not make the *cestui que trust* a party to the suit. *Peck* v. *Ingraham et al.* 28 Miss. R. p. 266.

Angen is the real party plaintiff, and that he has agreed to make, or has made, an equitable transfer of the proceeds of the suit to Pearce, can in no manner affect the real·character of this action between the plaintiff, Angen, and the defendant, Twichell. The demurrer was therefore improperly sustained;

and the judgment rendered against *the plaintiff* and his security on the replevin bond, J. W. Burriss, seems to be founded on the misapprehension that Pearce was the real plaintiff.

The writ of inquiry was irregularly executed, assessing damages sustained by the defendant alone, instead of also assessing the value of the property replevied.

The judgment of the court on this verdict was erroneous. It should have been against the plaintiff and his securities on the replevin bond, that they *restore the property to the defendant*, or pay him the value thereof assessed, and also the damages assessed for wrongfully suing out the writ.

The motion to set aside the verdict and for a new trial should therefore have been granted on this ground.

Let the judgment be reversed, and the cause remanded for further proceedings, in accordance with this opinion.