## SOUTHERN RAILWAY COMPANY v. CARTER et al.

1. The undisputed evidence in the case showed that the plaintiffs' mules were killed by the running of a locomotive and cars of the defendant railroad company. The presumption of negligence thus raised was not so clearly rebutted as to authorize this court to say that the finding of the jury against the railroad company, upon its contention that its employees had not been negligent but had exercised due care and diligence, was without evidence to support it.

2. Where suit was brought by A, B, and C to recover damages for the alleged negligent killing of certain mules, and the plaintiffs amended their declaration by striking the name of A as a coplaintiff, and "having the suit to proceed in the name of B and C for the use of themselves and A," no objection being made to the amendment, and there was a finding generally for the plaintiffs, such a verdict will not be set aside, as being contrary to the evidence, merely because the evidence shows that A had purchased the mules from B and C, and in the notes given for the purchase-money title was retained in the vendors, and that the purchase-money had been only partially paid at the time of the institution of the suit.

JANUARY 15, 1913.

Action for damages.   Before Judge Jones.   Habersham superior court.   August 15, 1911.

*Harold W. Ketron* and *A. G. & Julian McCurry,* for plaintiff in error.   *H. H. Dean,* contra.

BECK, J.  W. J. Dean and J. & J. S. Carter brought suit against the Southern Railway Company to recover ·damages for the killing of certain mules by the operation of a train of the defendant company, it being alleged that the employees of the defendant, in consequence of their negligent operation of the train without blowing the whistle, or giving any alarm, or slacking the speed of the train, ran over and killed the mules when they might, by the exercise of due care, have avoided doing so.  The defendant filed a plea and answer denying the material allegations in the petition.  The plaintiffs filed an amendment to the petition, striking the name of W. J. Dean as a coplaintiff, and stating that they "proceed in the name of J. & J. S. Carter for the use of themselves and W. J. Dean." There was no objection to this amendment.  The only question raised in the motion for a new trial is as to the sufficiency of the evidence to support the verdict, which was in favor of the plaintiffs; it being contended, in the first place, that there was no evidence of negligence or lack of due care upon the part of the defendant's employees; and in the next place, that, the suit having been instituted in the name of W. J. Dean and J. & J. S. Carter, the evidence did not authorize a verdict in favor of the plaintiffs J. & J. S. Carter suing for themselves and for the use of Dean.

We are of the opinion that there was sufficient evidence to authorize the jury to find that the killing of the mules was the result of the failure on the part of the company's employees to exercise due care and diligence to avoid colliding with the mules and killing them.  In passing upon the question as to whether or not the presumption of negligence which arose upon proof of the killing of the stock in the operation of the defendant's train had been overcome, the jury had the right to consider all the circumstances proved in the case, as well as the direct testimony given by the witnesses for the plaintiffs and the defendant.  Whether the killing of the stock was the result of a failure to exercise due care and diligence or not was one for the jury; and there being some evidence to support their finding contrary to the contention of the de-

fendant, this court should not disturb it on the ground that the verdict is contrary to the evidence.

As to the right of the plaintiffs to strike the name of W. J. Dean as a coplaintiff and have the suit proceed in the name of the remaining plaintiffs for the use of themselves and Dean, the evidence shows that Dean purchased the mules from the Carters, giving his notes for the purchase-money, in which title was retained by the vendors until the property was paid for. The purchase-money had been only partially paid at the time of the institution of the suit. Other payments were made (we infer from the testimony, though the evidence is not very clear upon that point) pending the suit; but it is nowhere made to appear distinctly that all of the purchase-money had been paid at the time of the trial. Under these facts the suit properly proceeded in the name of J. & J. S. Carter as plaintiffs; and if they saw fit to have the suit proceed for the use of Dean as well as for themselves, it affords no ground of complaint to the defendant. The recovery in this case is ample safeguard to the defendant against any other proceeding that may be instituted against it to recover for the killing of the mules.

*Judgment affirmed. All the Justices concur.*