## Henderson Telephone & Telegraph Co., et al. v. Owensboro Home Telephone & Telegraph Co., et al.

(Decided June 24, 1921.)

### Appeal from Daviess Circuit Court.

Master and Servant—Workmen's Compensation Acts—Award.— Under section 4890, Ky. Stats., an employer who has paid or becomes obligated to pay an award under the Workmen's Compensation Act, may maintain an action in his own name or that of the injured employe against a third person guilty of negligence which brought about the injury of the employe and recover the amount of award so paid by or assessed against the employer; but an insurance company has no such right of action under our

statute, or the general principles of equity, even though it pay the award.

E. B. ANDERSON, FRED FORCHT and W. FOSTER HAYES for appellants.

W. P. SANDIDGE for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

While operating its business under and in conformity with the workmen's compensation law, appellant, Henderson Telephone and Telegraph Co., Inc., was adjudged and directed by the board of workmen's compensation to pay an injured employe named Graves about $800.00 in weekly installments of $12.00 each. Appellant company was insured, as allowed by the workmen's compensation act, with and by the Georgia Casualty Company, an indemnity insurance company engaged in that particular line of insurance. After the award of the board of compensation to Graves, the injured employe of appellant company, the said insurance company paid the same to Graves. Later this action was commenced by appellant, Henderson Telephone & Telegraph Co., Inc., against the Owensboro Home Telephone & Telegraph Co. and the Independent Long Distance Telephone and Telegraph Company to recover the amount of the award made by the workmen's compensation board and paid by the insurance company to Graves on the ground that the gross negligence of the two defendant companies in leaving exposed at the place of Graves' employment, dynamite cartridges, a dangerous explosive, was the proximate cause of the injury to Graves. An action may be maintained under section 4890, Kentucky Statutes, by any employer who has paid or becomes obligated to pay compensation to an injured employe, in his own name or that of the injured employe against a third person whose negligence was the proximate cause of the injury for which compensation was awarded, and this section of the statute is relied upon as authority for this proceeding

The lower court sustained a demurrer to the petition of appellant on the ground that it was not the real party in interest, it not having paid the award to Graves, the payment having been made by the Georgia Casualty Co., which had issued the policy of insurance to the employing telephone company. To avoid this ruling of the court appellant company filed an amended petition, in which it set up and admitted the fact that the entire payment of

award to Graves had been made by the insurance company, and averred that the insurance company was a proper and necessary party to the action, and asked that it be made party plaintiff and allowed to prosecute the action. About the same time the insurance company offered to and was allowed to file its petition to be made a party plaintiff by which it adopted all the allegations of the petition of the original plaintiff, and asked that it be allowed to prosecute the action for its own use and benefit.

In addition to a traverse and plea of contributory negligence on the part of Graves, the separate answer of the two defendants contained a plea in abatement of the right of either the telephone company or the insurance company to maintain the action. A demurrer to this latter plea was overruled, and a motion to strike both the amended petition of the telephone company and the petition to be made a party by the insurance company were sustained and these pleadings stricken. The plaintiffs declining to further plead the petition was dismissed and this appeal results.

This court in the case of Book v. City of Henderson, 176 Ky. 785, had occasion to and did construe in part section 4890, Kentucky Statutes, which is a part of the workmen's compensation act, and in so doing said:

"It will be seen from the above quotation from the act, that an employe, injured by the negligence of a third party, may, at his option, claim compensation from the employer under the provisions of the act; or, proceed at law by civil action against the negligent third party to recover damages; or, third, proceed both against the employer for compensation and against such other third person to recover damages. The third option is, however, limited by the provision that he shall not collect from both; and it is this limitation upon the third option we are called upon to construe.

It is the contention of appellees that, although the employe has the right to proceed against both the employer for compensation and the third party for damages, necessarily by separate and distinct proceedings, one before the workmen's compensation board under the act and the other by action in court, he may not collect any amount from one without waiving his right to proceed against the other; while appellant contends the limitation is only upon his right to collect double damages, in whole or in part, for the injury he has received., . . . If it had been

the intention of the legislature to require an injured employe, as many such acts in other states require, to elect whether or not he would proceed against the employer or the negligent third party it would have given only the first two options set out in the act. But, having given him the option of proceeding against either or both, it is not reasonable to believe that the legislature thereby meant that, in order to avail himself of his right to proceed against both, he must forego until the end of the litigation with the negligent third party, which might be protracted, the acceptance of small weekly benefits awarded against the employer under the workmen's compensation act. . . . We therefore conclude that the proper construction of this limitation upon the right of an injured employe to proceed against both, that he shall not collect from both the employer and the negligent third party, is, that to the extent he collects from one he may not collect from the other; from which it follows the lower court erred in overruling the general demurrer to the fourth paragaph of the answer and in dismissing the petition.''

Under section 4890, Ky. Stats., there can be no question of the right of an employer who has paid or become obligated to pay an award of the board of compensation to an injured employe, to bring and maintain in his own name or that of the injured employe, an action against a third person whose negligence was the proximate cause of the injury to the employe to whom compensation was awarded, to recover a sum not in excess of the award, but can the insurance company which issues the policy to the employer indemnifying him against loss on account of such accidents be subrogated to the rights of the employer and allowed to bring in its own name or that of the employer or the injured employe, an action against the third party whose negligence brought about the injury, and recover the amount or any part thereof paid by it on the award? That is the exact question in this case, and one we have not before considered, nor one which has been often considered by other courts, so far as we are advised. Unqualifiedly we must hold under the plain and express terms of the statute that the employer who has neither paid nor obligated himself to pay the award to an injured employe, has no right of action against a third party whose negligence was the proximate cause of the injury of the employe, for the language of the act is:

"The employer, having paid the compensation or having become liable therefor, shall have the right to recover in his own name." The payment or obligation to pay the award on the part of the employer is a condition precedent to his right to maintain the action against a third party. The statute gives no right of action in such case to the insurance company either in its own name or that of the employe to recover the amount paid on the award from the negligent third person who caused the injury for which the award was made. So if such right of action exists it is on equitable grounds of subrogation and not by statute in this state. The statutes on this subject are not the same in all states. We can conceive no equitable reason why the insurance company should have such right of action against a third person. The employer, in conjunction with many others, pays to the insurance company a sum larger than that which is required to satisfy all such claims for indemnity, and the insurance company only appropriates from such fund such part as is necessary in the given case to satisfy the award. It has lost nothing whatever. In fact it has applied a part only of a common fund to the satisfaction of an award which it undertook, in consideration of the deposit of such fund and the profits to be derived therefrom, to satisfy. Appellants in their brief admit as much, saying:

"Not only does the statute not give the right of action to an insurance company, but there is perhaps no equitable reason why it should have such right. The employer in a given case, together with other employers, pay to the insurance company a fund greater than the losses it will sustain. In paying a claim for the employer, therefore, the insurance company simply appropriates money paid for that purpose. It has, therefore no equitable right of compensation from a third person who may be in default."

But it is insisted that the employer being at a constant expense in providing or maintaining a fund for the payment of such claims, is properly given by the statute a right of action against the tort feasor to recoup the loss sustained. The employer by the statute has the right only when he has paid or obligated himself to pay such award and in no other case. The mere fact that he has paid an insurance premium does not operate to give to him the right to maintain such action, and the statute can not be so construed. Where he does not pay or obligate

himself to pay the award of the board to the injured employe neither he nor the insurance company has a cause of action against the third party causing the injury, but the injured employe may have such action even though he accepts compensation from the employer, and if he recover a judgment greater than the award he can have only the excess and not the whole amount, for to the extent of the award it would be double damages or compensation which is not allowable. If the judgment be only equal to or less than the award the injured employe, having already received or been allowed that amount, cannot, under the express terms of the statute, take the benefits of the judgment, nor is there any one else entitled to take the benefit of such judgment in cases where the award was paid by the insurance company and not by the employer. Neither the employer nor the insurance company having suffered a loss are not entitled to take the benefit of the judgment. In states where the insurance companies are entitled to recover against a negligent third party the statute is so worded as to confer the right, and not as in the Kentucky statute which by implication excludes the insurance company from the right.

The trial court made no mistake in holding appellants without the right to prosecute the action and in dismissing their petitions.

Judgment affirmed.