AETNA LIFE INSURANCE CO. ᴇᴛ ᴀʟ. *v.* MOSES.

No. 137. Argued December 8, 1932.—Decided January 9, 1933.

*Messrs. Charles W. Arth* and *Leonard J. Ganse* for petitioners.

*Mr. H. Clay Espey,* with whom *Messrs. Merritt U. Hayden* and *James O'D. Moran* were on the brief, for respondent.

534

536

MR. JUSTICE STONE delivered the opinion of the Court.

Roberts, an employee of petitioner Bralove, was killed in the course of his employment, by the alleged negligence of respondent. His widow, who was also his administratrix, claimed and has accepted an award of compensation under the Longshoremen's and Harbor Workers' Compensation Act (March 4, 1927, c. 509, 44 Stat. 1924), made applicable as a workmen's compensation law in the District of Columbia by Act of May 17, 1928, c. 612, 45 Stat. 600. The award directed the employer and petitioner, The Aetna Life Insurance Company, his insurer,[1] to pay compensation to the widow in periodic installments, and the expenses attendant upon the burial of the deceased.

The present suit was brought in the Supreme Court of the District of Columbia on the theory that the acceptance of compensation awarded under the statute operated as an assignment of the administratrix's right to pursue the respondent for damages for the wrongful death, and that the insurer succeeded to that right by subrogation. The declaration named as plaintiffs petitioner The Aetna Life Insurance Company, "in its own right and also to the

---

[1] Under the terms of the policy the insurer obligated itself to pay all installments of compensation directly to the person entitled to them "because of the obligation for compensation . . . imposed upon . . . this Employer," as well as to indemnify the employer against any loss by reason of his liability. The former provision is required by §§ 35 and 36 of the statute "in order that the liability for compensation imposed by this Act may be most effectively discharged by the employer, and in order that the administration of this Act in respect of such liability may be facilitated. . . ."

use of" the widow "in her own right and as administratrix," and petitioner Bralove "to the use of" the insurance company. Respondent moved to strike the declaration for misjoinder of parties plaintiff and causes of action. The trial court sustained the motion on the first ground, and, as petitioners elected to stand on the declaration, gave judgment for the respondent, which the Court of Appeals affirmed, 61 App. D. C. 74; 57 F. (2d) 440. This Court granted certiorari.

Both courts below ruled that the administratrix is, by the terms of the District death act (23 Stat. 307; D. C. Code [1924], §§ 1301, 1302, 1303), the only proper plaintiff in an action for wrongful death, and that the Compensation Act, though it assigns the cause of action for the death, to the employer, upon acceptance of the award, does not, under the common-law practice prevailing in the District, permit him to bring the suit in his own name. The trial court further expressed the view that the insurer was without any interest in the litigation, by way of subrogation, since the cause of action for wrongful death is not assignable at common law, and the Compensation Act confers on the insurer no rights analogous to those given the employer. The question before us is whether the Court of Appeals was right, and, if not, whether the proper parties have been designated as plaintiffs.

Sections 7, 8 and 9 of the Compensation Act provide for compensation to the employee if he is injured, or to certain of his dependents, if he is killed, in the course of his employment. Section 33 (a) provides that " if on account of a disability or death for which compensation is payable . . . the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect . . . to receive such compensation or to recover damages against such third person." By subsection (b) "Acceptance of such compen-

sation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person," and by subsection (d) the " employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person."

But the cause of action against a third party which is thus cast upon the employer is not to be maintained exclusively for his own benefit. From the proceeds of the litigation or compromise the employer is directed by § 33 (e) to retain an amount equal to his disbursements in securing them, the cost of benefits furnished by him to the employee, amounts paid as compensation, and the present value of all amounts which it is estimated are payable as such. The latter sum is to be held by the employer " as a trust fund to pay such compensation as it becomes due and to pay any sum in excess of such compensation to the person entitled to such compensation or to the representative." Any amount recovered above that required for these purposes is to be paid by the employer directly " to the person entitled to compensation or to the representative."

In the case where the employee survives and accepts compensation as the only person entitled, it is clear that the statutory assignment vests in the employer the full right to recover damages from the third person. Double recovery by the employee, compare *Mercer* v. *Ott,* 78 W. Va. 629; 89 S. E. 952; *Fox* v. *Dallas Hotel Co.,* 111 Tex. 461; 240 S. W. 517, is thus avoided. Yet the employer is permitted to share in the recovery only to the extent of his own liability, compare *Travelers Insurance Co.* v. *Brass Goods Mfg. Co.,* 239 N. Y. 273; 146 N. E. 377, and any excess goes to the injured employee.

In this case the injury resulted in death of the employee, and the election to take compensation was made by the widow. As she is both the administratrix and the only

person entitled to compensation, the election was validly exercised and we need not resolve possible doubts as to the proper person to make the election under other circumstances. Compare §§ 33 (a) and 33 (b) with § 33 (f). Her election has called into operation the statutory assignment so far as it applies to the action for wrongful death. We must decide its effect on that cause of action.

The statute is not free from ambiguity. The right to recover for a wrongful death is the creature, not of the common law, but of a statute which confers the right on the personal representative of the deceased for the benefit of his next of kin under the local statute of distribution, some of whom may not be entitled to compensation under the Compensation Act. Nevertheless, § 33 (b) of the Act provides that it is the " right of the person entitled to ' compensation to recover damages against such third person " which is assigned to the employer by the election to take compensation. Reading this provision literally and alone, the employer, in the case of the wrongful death of his employee, would take nothing by the assignment which it purports to effect, since the person entitled to the compensation has no right to recover for the death. But § 33 (d) authorizes the employer to institute suit or to compromise the claim, and §§ 33 (e) (1) (c) and 33 (e) (2) provide that any recovery in excess of the sums required to reimburse the employer and allow for compensation payable by him is to be paid to the representative of the deceased. Having regard to these provisions and to the general purpose which the act discloses with respect to rights of recovery when the injury does not result in death, we see no escape from the conclusion that the statute contemplates that the employer is to have the same control over the institution of an action for wrongful death, the compromise and settlement of the claim, and the distribution of the proceeds, as he is given in unambiguous language in the case where the injury results only

in disability. What is made explicit by the statute with respect to the latter is implicit with respect to the former. For if it had been intended that the employer should assert only a part of the action for wrongful death, proportionate to the interest of those who are dependents under the Compensation Act, compare *Matter of Zirpola* v. *Casselman,* 237 N. Y. 367; 143 N. E. 222; *U. S. Fidelity & Guaranty Co.* v. *Graham & Norton Co.,* 254 N. Y. 50; 171 N. E. 903, there would be no meaning to the language of § 33 (2) directing him to pay to the personal representative from the proceeds of the action any excess over the compensation award.

Concluding that where the employer is given anything to recover it is the full recovery provided by the wrongful death act, we do not think, as did the courts below, that the rights thus conferred may be enforced only by an action brought in the name of the personal representative. It is true that the statute does not expressly say that the employer may bring the action in his own name, and that by the common law the assignee must, in general, sue in the name of the assignor. *Glenn* v. *Marbury,* 145 U. S. 499. This rule, a vestige of the common law's reluctance to admit that a chose in action may be assigned, is today but a formality which has been widely abolished by legislation. We see no reason for thinking that a statute passed in 1928 and clearly intended to effect a complete transfer of the cause of action, should be interpreted to perpetuate that formality. There is nothing in its language, history or purpose to indicate that the word " assignment " was used as anything other than a convenient description of the transfer to the employer of the rights of the employee or his representative, or that it is to be read in the common law sense, merely because the forum for the enforcement of those rights has not departed from

the common law form in the case of voluntary assignments.

It is immaterial whether the statutory assignment is said to create a new cause of action in the employer or merely to permit him to enforce that previously vested in the employee or his personal representative. What is material is that the employer acquires the legal rights of the employee or the personal representative, subject to the qualifications imposed by the common law or the death statute to the extent that they are not inconsistent with the provisions of the Compensation Act. The Compensation Act permits him to enforce them in his own name.

We do not doubt, although· other courts have, *Henderson Tel. & Tel. Co.* v. *Owensboro Home Tel. & Tel. Co.*, 192 Ky. 322; 233 S. W. 743; *Hartford Accident & Indemnity Co.* v. *Englander*, 93 N. J. Eq. 188; 118 Atl. 628, that the insurer is subrogated to the rights of the employer to the extent that it has discharged his duties, though whether its rights extend to compensation which it is liable to pay, as well as to that which it has paid, we need not decide.[2] Notwithstanding, the provision of the statute and of the policy permitting an award for compensation to be made against the insurer directly, the function of the insurer is essentially that of indemnifying the employer. The statute contemplates that the payment of compensa-

---

[2] The policy of insurance provides (Clause K) that " the Company shall be subrogated in case of any payment under this Policy, to the extent of such payment, to all rights of recovery therefor vested by law either in this Employer or, in any employee or his dependents claiming hereunder, against persons, corporations, associations or estates." The insurer is subrogated to the employer's rights to no greater extent under this express provision than it would be without it by operation of law; whether its rights may be limited by it, we have no occasion to consider.

tion should be secured by insurance, and nothing in it indicates that the insurer is to be denied an indemnitor's rights. Subrogation is a normal incident of indemnity insurance. *Hall & Long* v. *Railroad Companies*, 13 Wall. 367; *Liverpool & Great Western Steam Co.* v. *Phenix Insurance Co.*, 129 U. S. 397, 462; *St. Louis Iron Mountain & Southern Ry. Co.* v. *Commercial 'Union Insurance Co.*, 139 U. S. 223, 235; *Travelers Insurance Co.* v. *Great Lakes Engineering Co.*, 184 Fed. 426; *Workmen's Compensation Exchange* v. *Chicago, M., St. P. & P. R. Co.*, 45 F. (2d) 885.

The suggestion of the trial court that subrogation is precluded here by the non-assignability, under the death act and the common law, of the administratrix's cause of action for death, is without force. Considerations of policy which may forbid the voluntary assignment of the cause of action are obviously inapplicable to a case where the statute does assign the action to the employer in order to carry out the plan of the Compensation Act. That plan would be destroyed if the insurance company were denied the right of subrogation. For the consequence would be to permit that double recovery by either the employer or the next of kin entitled to compensation which the statute is careful to avoid, with a resulting increase in the cost of the insurance which the statute requires.

The insurer's right of subrogation does not alter the fact that it is the employer who is directed by the statute to distribute the proceeds of the recovery, in which the insurer has only a partial interest. Accordingly, the employer is the party to bring the action and the only necessary party plaintiff in the case before us.[3] But the insur-

---

[3] Under the common law practice rights acquired by subrogation were asserted in an action at law in the name of the insured to the insurer's use, *Hall & Long* v. *Railroad Companies*, 13 Wall. 367; *United States* v. *American Tobacco Co.*, 166 U. S. 468, 474, though in equity, *Garrison* v. *Memphis Ins. Co.*, 19 How. 312, and admiralty,

ance company and the widow, both in her own right and as administratrix, are interested in the recovery. Under the common law practice, the defendant may not complain if the employer indicates their beneficial interests by bringing the action to their use as well as to his own. See *Southern Ry. Co.* v. *Carter*, 139 Ga. 236, 238; 77 S. E. 21; *Pearce* v. *Twichell*, 41 Miss. 344, 346; *Atkins* v. *Moore*, 82 Ill. 240, 241; compare *Roof* v. *Chattanooga Wood Split Pulley Co.*, 36 Fla. 284, 293; 18 So. 597. Whether, under Equity Rule 13 of the Supreme Court of the District of Columbia, made applicable to actions at law by the first paragraph of the law rules, they may join with him as legal plaintiffs since they have "an interest . . . in obtaining the relief demanded," we do not decide. The decision does not depend upon the federal statute, but upon the local rule, and may be conditioned by unwritten practices which we should hesitate to disturb. Nor do we consider what would be the rights of the person entitled to compensation or the personal representative, compare *Hunt* v. *Bank Line*, 35 F. (2d) 136; or the insurer, see *Norwich Insurance Co.* v. *Standard Oil Co.*, 59 Fed. 984; *Continental Insurance Co.* v. *Loud & Sons Lumber Co.*, 93 Mich. 139; 53 N. W. 394; *U. S. Fidelity & Guaranty*

*Liverpool & Great Western Steam Co.* v. *Phenix Insurance Co.*, 129 U. S. 397, 462, the insurer might sue in its own name. We need not consider the effect upon the common law rule of Equity Rule 13 of the Supreme Court of the District of Columbia (made applicable to actions at law by Law Rules, ¶ 1) providing that all actions " shall be prosecuted in the name of the real party in interest," in a case where the insurer succeeds by subrogation to the entire cause of action of the insured against the party primarily responsible for the loss. Cf. *Travelers Insurance Co.* v. *Great Lakes Engineering Co.*, 184 Fed. 426. Such was not the case here. Compare *Norwich Insurance Co.* v. *Standard Oil Co.*, 59 Fed. 984; *Continental Insurance Co.* v. *Loud & Sons Lumber Co.*, 93 Mich. 139; 53 N. W. 394; *U. S. Fidelity & Guaranty Co.* v. *Graham & Norton Co.*, 254 N. Y. 50, 54–55; 171 N. E. 903.

544

Co. v. *Graham & Norton Co., supra,* 54–55; 171 N. E. 903; compare *Ocean Accident & Guarantee Corp.* v. *Hooker Electrochemical Co.,* 240 N. Y. 37; 147 N. E. 351; *Aetna Casualty & Surety Co.* v. *Phoenix Nat. Bank & Trust Co.,* 285 U. S. 209, 214, in a case where the employer refused to coöperate in the prosecution of the action.

Since the ruling below that the action could only be brought in the name of the personal representative was erroneous, petitioners' failure to amend in conformity to that ruling will not preclude amendment now. Judgment will be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed.*