842

## DOLEMAN v. LEVINE.*

### No. 6210.

United States Court of Appeals for the District of Columbia.

Argued Oct. 4, 1934.

Decided Nov. 5, 1934.

Nathan A. Dobbins, of Washington, D. C., for appellant.

Edward S. Brashears, Wilson L. Townsend, and Albert F. Beasley, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

On January 3, 1933, Robert H. Doleman, an employee of the Potomac Electric Power Company, while working in a manhole in one of the streets of Washington City, was struck by an automobile owned by Harry Levine—an alleged third party wrongdoer—and sustained injuries from which he died that day. Doleman left surviving, his widow, Mary E. Doleman, his father, Charles M. Doleman, and a brother, as his heirs at law and next of kin.

The widow elected to receive compensation from the power company, Doleman's employer, under the District of Columbia Compensation Act (Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 901 et seq.; Act May 17, 1928 [D. C. Code 1929, T. 19, §§ 11, 12, 33 USCA § 901 note]). The dependent father elected not to receive compensation, and, as administrator, instituted an action under the wrongful death statute (D. C. Code 1929, T. 21, §§ 1–3) to recover against Levine. On the 13th day of November, the power company (the employer) likewise brought an action against Levine (section 33 (d), 33 USCA § 933 (d).

In the suit of the administrator, Levine filed a plea in abatement setting forth and alleging the pendency of the two actions and also that the cause of action, if any, to recover for Doleman's death was assigned by the terms of the compensation act (the election of the widow) to the employer, and that the action of the administrator was not maintainable. The administrator demurred to the plea, and the court below overruled the demurrer and entered judgment for the defendant. From that judgment, this appeal is taken.

The appeal involves the construction of section 33 of the act or, stated differently, who is the proper party plaintiff in an action against a third party wrongdoer under the facts shown above? Here it is insisted on behalf of the administrator that the widow, by accepting compensation, cannot transfer the entire cause of action to the employer so as to give the employer the exclusive right to maintain the action; that since the compensation act gives the right of election severally, the action of one of the beneficiaries is not binding on the other.

In the interest of clarity, we set out in full the applicable paragraphs of section 33 (33 USCA § 933):

"Sec. 33. (a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such

*See 55 S. Ct. 349, 79 L. Ed. —.

compensation or to recover damages against such third person.

"(b) Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person, whether or not the person entitled to compensation has notified the deputy commissioner of his election.

"(c) The payment of such compensation into the fund established in section 44 [section 944 of this chapter] shall operate as an assignment to the employer of all right of the legal representative of the deceased (hereinafter referred to as 'representative') to recover damages against such third person, whether or not the representative has notified the deputy commissioner of his election.

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding.

"(e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

"(1) The employer shall retain an amount equal to—

"(A) The expenses incurred by him in respect of such proceedings or compromise (including a reasonable attorney's fee as determined by the deputy commissioner).

"(B) The cost of all benefits actually furnished by him to the employee under section 7 [section 907 of this chapter].

"(C) All amounts paid as compensation, and the present value of all amounts payable as compensation, such present value to be computed in accordance with a schedule prepared by the commission, and the amounts so computed to be retained by the employer as a trust fund to pay such compensation as it becomes due and to pay any sum, in excess of such compensation, to the person entitled to compensation or to the representative; and

"(2) The employer shall pay any excess to the person entitled to compensation or to the representative. * * *

"(h) The deputy commissioner may, if the person entitled to compensation under this chapter is a minor, make any election required under subdivision (a) of this section, or may authorize the parent or guardian of the minor to make such election."

In substance, appellant asks us to construe the assignment provisions of section 33 as confined (a) to a case where the employee survives and accepts compensation, or (b) where in the event of death there is no person entitled to compensation under the act (see section 44, 33 USCA § 944). In other words, appellant would read subsection (a) of section 33, 33 USCA § 933(a) as giving to the injured person the right to accept compensation or to recover damages against a third person, and subsection (b), 33 USCA § 933(b) as vesting in the employer, in the event of such election, the right to recover damages from the third person, and he would restrict the benefits of the assignment provisions of (d), 33 USCA § 933(d) to cases where there is no person entitled under the act to compensation and where, as is required under (c), 33 USCA § 933(c), the employer pays $1,000 into a fund created by the act.

As the Supreme Court said in the Ætna Case (287 USCA 530, 53 S. Ct. 231, 77 L. Ed. 477, 88 A. L. R. 647), to which we shall presently refer, the statute is not free from ambiguity. Subsections (c) and (d) undoubtedly vest in the employer the absolute right to recover damages in the case in which there is no person entitled under the act to receive compensation, where the employer has complied with section 44. If the words in (d) "such assignment" be confined to the conditions named in (c) and not made applicable to (b), there would be strong ground for the position appellant takes; and it may very well be argued that if the Congressional intent had been to make the assignment apply equally under the different conditions of the two subsections, it would have been provided for by using the words "such assignments"; but, having regard to the general purpose of the act, we think it can be fairly concluded Congress intended to vest an actionable assignment in the employer, as well in cases where injury results in death, as where the employee survives and accepts compensation, for in either case the employer is required to make specific payments, and, when made, the undeniable purpose of the assignment provision is to secure reimbursement where the injury or death is due to the wrongful act of a third person.

If, therefore, it should be held that, in a case of death, where one beneficiary elects to receive compensation and another not to, the employer's exclusive right to bring the action is lost, the result would be either that the employer's right to reimbursement would be denied or the third party would be

844

subjected to two separate and independent suits for the same cause of action. The most casual reading of the act necessarily excludes either of these assumptions. And this, as we think, was the conclusion reached by the Supreme Court in Ætna Life Insurance Co. v. Moses, 287 U. S. 530, 53 S. Ct. 231, 77 L. Ed. 477, 88 A. L. R. 647. In that case, which went from this court, the facts briefly were these:

An employee of a building contractor, while in the performance of his work, was killed through the negligence of a third party. His widow filed a claim under the compensation act and an award of compensation, to be paid by the employer, was duly made. The widow was thereafter appointed administratrix of the estate of her deceased husband, and an action was begun against the third party by the insurance carrier of the employer in its own name. We held that under the provisions of the District of Columbia laws the administratrix was the proper party plaintiff. 61 App. D. C. 74, 57 F.(2d) 440.

The Supreme Court took a different view and, while conceding that 33 (b) of the act, 33 USCA § 933(b), read literally, would in a wrongful death case give the employer nothing, since the person whose rights were assigned would have no right as such to recover for the death, nevertheless held that, read in connection with succeeding sections, the purpose was to give the employer the same control over an action for wrongful death and the distribution of the proceeds as in a case where the injury resulted only in disability. In this view, it is clear that the effect of the decision is to hold that the act gives the employer the right to sue in his own name the third party wrongdoer wherever the beneficiaries under the act accept compensation, and we think, by the same reasoning, where only part of the beneficiaries accept compensation, for the court also says (page 540 of 287 U. S., 53 S. Ct. 231, 233): "Concluding that, where the employer is given anything to recover, it is the full recovery provided by the Wrongful Death Act, we do not think, as did the courts below, that the rights thus conferred may be enforced only by an action brought in the name of the personal representative."

■ In the facts here, the employer, having paid compensation to the widow, under the provisions of the act is entitled to recover the amount paid. We think this is perfectly clear and, if it be granted, it follows inevitably that in the light of the above-quoted language of the Supreme Court the right to recover part is the right to recover all. If any other rule is adopted, it will lead to the confusion, expense, or the injustice we have already pointed out. On the other hand, in construing the statute to recognize the employer's exclusive right to bring the action where any beneficiary elects to take compensation, we have a case of hardship to no one, for there is specific provision in the act for distribution to the personal representative of the excess of the recovery, the employer sharing only to the extent of his own liability.

Affirmed.