## MOORE et al. v. HECHINGER.
### Civil Action No. 10026.

District Court of the United States for the District of Columbia.

June 18, 1941.

Motion to strike out the complaint and to require plaintiff Aetna Casualty & Surety Company to make more definite statement of its alleged cause of action denied, and motion to drop plaintiffs Clarence C. Moore and Paul O. Lloyd granted.

Leonard J. Ganse and Carl F. Bauersfeld, both of Washington, D. C., for plaintiffs.

W. W. Spalding, W. Gwynn Gardiner, and James M. Earnest, all of Washington, D. C., for defendant.

MORRIS, Justice.

This action is to recover damages for injuries to the plaintiffs, Moore and Lloyd, occasioned, it is alleged, by the negligence of the defendant. The said Moore and Lloyd were employees of one William J. Eastburn, and, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. Chapter 18, § 901 et seq., which is made applicable to the District of Columbia, Title 19, Chapter 2, D.C.Code, 33 U.S.C.A. § 901 note (and known in this jurisdiction as the Employee's Compensation Act), received compensation and certain benefits from the plaintiff, Aetna Casualty and Surety Company, the insurance carrier of the said William J. Eastburn. The Aetna Casualty and Surety Company claims the right to maintain the action by reason of its contract of insurance, in which it was provided that the said insurance carrier should be subrogated, in case of any payment under said policy, to the extent of such payment, to all rights of recovery therefor vested by law either in said William J. Eastburn, as employer, or in any employee, against other persons; and that the maintenance of this action is authorized by 33 U.S.C.A. § 933(i).[1] No question is here raised as to the right of the insurance carrier to maintain this action as party plaintiff. The defendant, however, by motion, seeks to have the plaintiffs, Moore and Lloyd, dropped as parties plaintiff pursuant to Rule 21, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to have the complaint stricken on the ground that it is not a "short and plain statement of the claim or claims," and to require the plaintiff, Aetna Casualty Insurance Company, to make a more definite statement of its alleged cause of action.

Considering the challenges to the complaint in their inverse order, the one last mentioned is that the defendant, not only represented certain material sold by him to be suitable for use as scaffolding material, but also "warranted" it as such, thus importing a contractual liability into an action ex delicto. The plaintiff has met this objection by striking, with leave of Court, the term "warranted" from the complaint. So that matter needs no further discussion.

■ While the complaint is of greater length than perhaps is necessary, the allegations therein do have such relevance that the complaint will not be stricken as offensive to the rule. Thus, is left the single question as to whether Moore and Lloyd are proper parties plaintiff, or should be dropped as such.

The Employee's Compensation Act provides for compensation to an employee if he is injured in the course of his employment. It further provides that, if on account of a disability for which compensation is payable, the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect to receive such compensation, or to recover damages against such third person. It is further provided that: "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person." And further that: "Such employer, on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding." 33 U.S.C.A. § 933. But the cause of action against a third party, which is thus cast upon the employer, is not to be maintained exclusively for his own benefit. From the proceeds of the litigation or compromise, the employer is directed to retain an amount equal to his disbursements in securing them, the cost of benefits furnished by him to the employee, amounts paid as compensation, and the present value of all amounts which it is estimated are payable as such (to be held by the employer "as a trust fund to pay such compensation to the person entitled to such compensation as it becomes due"), and to pay any sum in excess of such compensa-

[1] "(i) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section." This subsection was enacted subsequent to the decision of the Supreme Court in the case of Ætna Life Insurance Company v. Moses, infra.

tion to the person entitled to such compensation. Should the employee not elect to receive such compensation, he may institute action against a party other than his employer to recover damages; and, provided he gives notice of such election and institutes such action within the proper period, he may obtain as compensation from his employer any difference between the amount recovered and the compensation to which he would have been entitled.

The right, therefore, to maintain an action against a third party is clearly in the employee if he does not elect to receive compensation, and it is clearly in the employer if he does so elect. The employee can elect which course he will follow, but he cannot follow both. Hunt v. Bank Line, 4 Cir., 35 F.2d 136. "In the case where the employee survives and accepts compensation as the only person entitled, it is clear that the statutory assignment vests in the employer the full right to recover damages from the third person. Double recovery by the employee * * * is thus avoided. Yet the employer is permitted to share in the recovery only to the extent of his own liability, * * * and any excess goes to the injured employee." Aetna Life Insurance Company v. Moses, 287 U.S. 530, 53 S.Ct. 231, 232, 77 L.Ed. 477, 88 A.L.R. 647.

The Supreme Court, in the Moses case, discussing the right of an insurer to be subrogated to the rights of the employer prior to the enactment of Subsection 933(i) (see note 1), stated: "The insurer's right of subrogation does not alter the fact that it is the employer who is directed by the statute to distribute the proceeds of the recovery, in which the insurer has only a partial interest. Accordingly, the employer is the party to bring the action and the only necessary party plaintiff in the case before us. But the insurance company and the widow, both in her own right and as administratrix, are interested in the recovery. Under the common-law practice, the defendant may not complain if the employer indicates their beneficial interests by bringing the action to their use as well as to his own. [Cases cited.] Whether, under Equity Rule 13 of the Supreme Court of the District of Columbia, made applicable to actions at law by the first paragraph of the law rules, they may join with him as legal plaintiffs since they have 'an interest * * * in obtaining the relief demanded,' we do not decide."

In the case of Doleman v. Levine, 295 U.S. 221, 55 S.Ct. 741, 745, 79 L.Ed. 1402, it was held that, where the employer has not acquired by statutory assignment the interest of all persons entitled to share in the recovery obtained, the employer may not then maintain such action, but may only be subrogated to the share of those whose interest he has acquired. But in that case the Court stated: " * * * where the employer is given *anything* to recover by a suit brought directly against the wrongdoer, it is the *full recovery* to which the injured employee or his personal representative would be entitled." [Italics supplied.]

From the foregoing authorities, it seems clear that, in the circumstances of the instant case, no action may be maintained by the plaintiffs, Moore and Lloyd, unless the adoption of the Federal Rules of Civil Procedure gives to such persons a right to sue which they did not have. Rule 17(a) provides: "Every action shall be prosecuted in the name of the real party in interest; but * * * a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; * * *." And Rule 20(a) provides: "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

The plan of the Employee's Compensation Act clearly negatives any right on the part of the employee to have suit instituted against a third party, if such employee elects to receive compensation. In such circumstances, the employer is expressly given the power to compromise with such third person, either without or after instituting such proceedings. The employee is given no power to control or veto such compromise. Such interest as the employee may have in any surplus recovered arises only after the recovery of such surplus, and such right as he may have thereto is against the employer as statutory assignee, and not against the

third party. Judge Parker, speaking for the Circuit Court of Appeals for the Fourth Circuit, in the case of Hunt v. Bank Line, supra, stated [35 F.2d 138]: "As to the provision that the employee who has accepted compensation shall be entitled to any excess over reimbursement which the employer may recover in his suit against a third person, we think it clear, in the light of the other provisions which we have discussed, that this was not intended to give to the employee who has accepted compensation any right or interest in, or control over, the cause of action which is assigned by the act to the employer. * * * The employee, having accepted the compensation which the law has fixed, has no further interest in the matter, unless the employer decides to sue and succeeds in recovering more than is necessary for his reimbursement. *Then, and not until then, the interest of such employee arises.* And this is given by the statute to the employee, not, we think, because he is deemed to have any interest in the cause of action, but to avoid the unseemly spectacle of the employer realizing a profit from his injury." [Italics supplied.]

█ It cannot be assumed that, by the adoption of the Federal Rules of Civil Procedure, it was intended to disturb the respective rights of the employer and employee prescribed in this important social legislation. I cannot conclude that any employee electing to receive compensation retains the right to participate as plaintiff in an action which, by the statutory provisions, has been assigned to his employer. It is my conclusion that he is not, within the meaning of Rule 17(a), a real party at interest in such action.

The motion to drop the plaintiffs, Clarence C. Moore and Paul O. Lloyd, will be granted.