**532**

**Russell BROWN, Plaintiff,**

v.

**FISHER SKYLIGHTS, INC., Defendant.**

No. 62–C–354.

United States District Court
E. D. New York.

Nov. 28, 1962.

Hill, Rivkins, Louis & Warburton, New York City, for defendant, by Manuel A. Sequeira, Jr., New York City, for the motion.

Martin Rosen, New York City, for plaintiff, in opposition.

RAYFIEL, District Judge.

Under the terms of an agreement between the parties herein the defendant, a New York corporation, constructed and installed a skylight in premises in Greenwich, Connecticut, owned by the plaintiff, a citizen of that state. The plaintiff, claiming that the said skylight, by reason of its faulty construction and negligent installation and erection "tore loose and damaged the plaintiff's property and contents thereof" to the extent of $10,193.19, commenced this action for the recovery of that sum.

The defendant has moved under Rule 17(a) of the Federal Rules of Civil Procedure to dismiss the complaint on the ground that the plaintiff is not the real party in interest. It is undisputed that the plaintiff has been reimbursed for his loss to the extent of $10,093.19 by the payments in various amounts aggregating that sum, made by three companies which had insured him against such loss, and that he has executed and delivered to each of them a subrogation receipt in the amount of its contribution to such reimbursement.

The defendant contends that it is well established that where an insurance company has reimbursed its insured for a loss it is the insurer and not the insured who is the real party in interest in an action against the person sought to be charged with such loss. In support of its contention it cites, *inter alia*, the case of United States v. Aetna Surety Co., 338 U.S. 366, wherein the Court said, at page 380, 70 S.Ct. 207, 94 L.Ed. 171, "Rule 17(a) of the Federal Rules of Civil Procedure, * * * provides that 'Every action shall be prosecuted in the name of the real party in interest,' and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an *entire* loss suffered by the insured, it is the only real party in interest and *must sue in its own name.*" (emphasis added).

The plaintiff, on the other hand, contends that he is a real party in interest since his insurance did not cover the *entire* loss which he suffered. This contention seems to be supported by the

decision in the case of United States v. Aetna Surety Co., supra, in which the Court said, following the quotation hereinabove set forth,

"If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

"In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use, Hall & Long v. Railroad Companies, 13 Wall. 367 [20 L.Ed. 594] (1872); United States v. American Tobacco Co., supra, [166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081] as was also true of suits on assignments, Glenn v. Marbury, 145 U.S. 499, [12 S.Ct. 914, 36 L.Ed. 790] (1892). Mr. Justice Stone characterized this rule as 'a vestige of the common law's reluctance to admit that a chose in action may be assigned, [which] is today but a formality which has been widely abolished by legislation.' Aetna Life Ins. Co. v. Moses, 287 U.S. 530, 540 [53 S.Ct. 231, 77 L.Ed. 477] (1933). Under the Federal Rules, the 'use' practice is obviously unnecessary, as has long been true in equity, Garrison v. Memphis Insurance Co., 19 How. 312 [15 L.Ed. 656] (1857), and admiralty, Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 129 U.S. 397, 462, [9 S.Ct. 469, 32 L.Ed. 788] (1889). Rule 17(a) was taken almost verbatim from Equity Rule 37.

No reason appears why such a practice should now be required in cases of partial subrogation, *since both insured and insurer 'own' portions of the substantive right and should appear in the litigation in their own names.*" (Emphasis mine).

As that case points out the defendant, by timely motion, may compel the joinder of the insurance companies who are the plaintiff's subrogees since, under Rule 19(b) of the Federal Rules of Civil Procedure, they are "necessary" parties.

The plaintiff also further argues that under the law of the State of Connecticut, the place where the contract was made and the damage occurred, *either* the plaintiff *or* the insurance companies which were subrogated to his claim could sue the defendant for the damages sustained. He has cited, *inter alia*, the case of Smith v. Waterbury and Milldale Tramway Company, 99 Conn. 446, in which the Court said, at page 450, 121 A. 873, at page 875,

"The defendant in its demurrer claimed that the real party in interest was the Travelers' Insurance Company, by virtue of an assignment of plaintiff's claim in this action and of subrogation to the plaintiff's rights. The point is not well taken. Gen.Stat.1918, § 5655, provides that the 'equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name.' But he is not obliged to do so; the statute is merely permissive. The right of the assignor to sue in his own name, as at common law, still exists. Furthermore, the assignee can, as at common law, if he owns the chose in action, bring suit in the name of his assignor, as still holding the legal title thereto." (citing cases)

Accordingly, the motion is in all respects denied. The defendant may, if it so desires, move to compel the joinder of the insurance companies-subrogees.

Settle order on notice.