Grady Eugene **WARD**, Plaintiff,

v.

**FRANKLIN EQUIPMENT COMPANY,**
**Incorporated, Defendant.**

**Civ. A. No. 42–70–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

March 5, 1970.

Terry H. Davis, Jr., Taylor, Gustin, Harris, Fears & Davis, Norfolk, Va., for plaintiff.

John M. Hollis, Willcox, Savage, Lawrence, Dickson & Spindle, Norfolk, Va., for defendant.

### OPINION AND ORDER

KELLAM, District Judge.

The plaintiff seeks damages for loss by fire of a "Franklin Logger" manufactured by the defendant, which the plaintiff alleges was defective. The defendant moves the Court to add as a party plaintiff the Employers Mutual Fire Insurance Company who paid the plaintiff, as his insurer, for the damage to the logger, and who by virtue of subrogation has an interest in the subject matter of this action. Defendant supports this claim with an affidavit of an official of its company.

Rule 17(a), Federal Rules of Civil Procedure, provides, "Every action shall be prosecuted in the name of the real party in interest." An insurer-subrogee qualifies as such a party in interest whether he has paid the whole loss or only a part thereof. United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171. In the *Aetna* case, the Court said [338 U.S. 366, 380, 70 S.Ct. 216]:

> Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., which were specifically made applicable to Tort Claims litigation, provides that "Every action shall be prosecuted in the name of the real party in interest," and of course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. 3 Moore, Federal Practice (2d ed.) p. 1339. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

In cases of partial subrogation the question arises whether suit may be brought by the insurer alone, whether suit must be brought in the name of the insured for his own use and for the use of the insurance company, or whether all parties in interest must join in the action. Under the common-law practice rights acquired by subrogation could be enforced in an action at law only in the name of the insured to the insurer's use, Hall & Long v. Nashville & C. Railroad Companies, 1871, 13 Wall. 367, 20 L.Ed. 594 (1872); United States v. American Tobacco Co. [166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081,] supra, as was also true of suits on assignments, Glenn v. Marbury, 1892, 145 U.S. 499, 12 S.Ct. 914, 36 L.Ed. 790. Mr. Justice Stone characterized this rule as "a vestige of the common law's reluctance to admit that a chose in action may be assigned, [which] is today but a formality which has been widely abolished by legislation." Aetna Life Ins. Co. v. Moses, 1933, 287 U.S. 530, 540, 53 S.Ct. 231, 233, 77 L.Ed. 477, 88 A.L.R. 647. Under the Federal Rules, the "use" practice is obviously unnecessary, as has long been true in equity, Garrison v. Memphis Insurance Co., 1856, 19 How. 312, 15 L.Ed. 656, and admiralty, Liverpool & Great Western Steam Co. v. Phenix Insurance Co., 1889, 129 U.S. 397, 462, 9 S.Ct. 469, 479, 32 L.Ed. 788. Rule 17(a) was taken almost verbatim from Equity Rule 37. No reason appears why such a practice should now be required in cases of partial subrogation, since both insured and insurer "own" portions of

the substantive right and should appear in the litigation in their own names.

In the *Aetna* case the Court continued by saying "either party may sue" and that upon timely motion, the defendant [there the United States] "may compel their joinder;" that both are "necessary parties;" and that the pleadings "should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim."

And in Barron and Holtzoff, Federal Practice and Procedure, Civil, Volume 2, § 512, page 102, dealing with Rule 19, it is said:

Modern practice is clear, however, that in case of a partial assignment or subrogation, it is for the benefit of the defendant to have both claimants joined, and the partial assignor, or subrogee, is not an indispensable but merely a necessary party. Indeed some cases have held that where one claimant sues for the entire claim, the other claimant is merely a proper party whose joinder cannot be required by the defendant. Such holdings are probably contrary to the weight of authority, and the usual practice is to compel joinder of the other claimant on motion by the defendant where jurisdiction can be had over the other claimant and his presence in the suit will not destroy jurisdiction of the case. The absent party should be made a party plaintiff, and will be considered as such for purposes of diversity regardless of how he may be aligned in the pleadings.

Although this action is instituted in the name of the insured, it is clear the insurer is in control of the litigation and caused it to be filed. All persons having any interest in any recovery should be made parties, if jurisdiction can be obtained over them, and if not, plaintiff should declare for whose benefit the action is maintained. Pursuant to the provisions of Rule 19(a), Federal Rules of Civil Procedure, it is ordered that the Employers Mutual Fire Insurance Company be joined as a party plaintiff, or as an involuntary plaintiff. If any other party has any interest in the recovery sought herein, such party shall also be designated as plaintiff, or his or its interest declared.

The Clerk will forward a copy of this opinion and order to all counsel of record.