No. 46,981

New Hampshire Insurance Company and American Central Insurance Company, *Appellants,* v. Kansas Power & Light Company, *Appellee.*

(510 P. 2d 1194)

Opinion filed June 9, 1973.

*John A. Bausch,* of Ascough, Bausch, Eschmann, of Topeka, argued the cause and was on the brief for the appellants.

Robert D. Ochs, of Fisher & Benfer, Chartered, of Topeka, argued the cause, and *Charles S. Fisher, Jr.,* of the same firm, was with him on the brief for the appellee.

*Per Curiam:* This is an appeal from a judgment of the trial court which sustained defendant's motion to dismiss plaintiff's case in an insurance subrogation action, because the plaintiffs did not introduce the insurance policy into evidence.

It was stipulated by the parties that at the time of the loss the plaintiffs were insurer and re-insurer, respectively, under a standard fire insurance policy issued to Daisy R. Long, insuring her premises against loss by fire or explosion. Copies of a subrogation receipt and proof of fire loss were admitted in evidence; the insurance policy was not offered. The occurrence of a gas explosion and total destruction of the insured dwelling by fire on the above date were alleged by the plaintiffs and admitted by the defendant. The proof of loss and subrogation assignment showed payment of the sum of $12,510 to the insured by the plaintiffs.

The sole question before this court is whether or not the plaintiffs were required to introduce the insurance policy in evidence in order to establish their right to subrogation. The trial court held that the policy was required to show that plaintiffs were not mere volunteers in paying the loss. We disagree. We think the plain import of the stipulation was that there was an enforceable obligation on part of the insurers to pay the loss; we can think of no other meaning which can reasonably be attributed to a stipulation that they had issued a standard fire and explosion policy. Hence they were not volunteers in making such payment.

Once an obligation to pay the loss was established it was not

necessary for the plaintiffs to prove a written contract for subrogation. The right of subrogation of an insurer arises by operation of law without regard to whether there is any provision in the insurance policy or any writing declaring such right; it is a creature of equity and does not spring from contract. See, *United States Fidelity & Guaranty Co. v. First State Bank*, 208 Kan. 738, 494 P. 2d 1149, and cases cited therein. See, also, *Aetna Life Ins. Co. v. Moses*, 287 U. S. 530, 77 L. Ed. 477, 53 S. Ct. 231; *City Stores Co. v. Lerner Shops of District of Columbia, Inc.*, 410 F. 2d 1010 (C. A. D. C., 1969); and *Travelers Insurance Co. v. Graye*, 358 Mass. 238, 263 N. E. 2d 442.

The judgment is reversed and the case is remanded for a new trial.