McArthur INGRAM, Southern States Roanoke Cooperative, Inc. and Southern States Insurance Exchange, Plaintiffs,

v.

LINK BELT POWER SHOVEL CO., a subsidiary of the FMC Corporation and FMC Corporation, Defendants.

Civ. A. No. 79–0292.

United States District Court,
W. D. Virginia,
Roanoke Division.

May 20, 1982.

Julian H. Raney, Roanoke, Va., for McArthur Ingram.

Thomas T. Lawson, Roanoke, Va., for Link Belt Power Shovel Co. and FMC Corp.

S. D. Roberts Moore, Roanoke, Va., for S. D. Roberts Moore.

## MEMORANDUM OPINION and ORDER

TURK, Chief Judge.

On September 19, 1980, this court entered an Order whereby Southern States Roanoke Cooperative, Inc., and Southern States Insurance Exchange, were joined, pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, as parties plaintiff in a products liability action instituted by McArthur Ingram, an employee of Southern States Roanoke Cooperative, Inc., against the Link Belt Power Shovel Co., and the FMC Corporation. Each of the three parties plaintiff has filed a motion that the employer and its workmen's compensation insurer be dismissed from this action. Plaintiffs contend that the injured employee is the proper party to maintain this action since he is "the real party in interest" within the meaning of Rule 17(a), and that the employer and its insurance carrier should not be compulsively joined.

Rule 17(a) states, in pertinent part, that "[e]very action shall be prosecuted in the name of the real party in interest." In a diversity action such as this one, whether a plaintiff is entitled to enforce an asserted right is determined according to the substantive law of the forum state. *Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78, 83 (4th Cir. 1973), *cert. denied*, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 346 (1974). Clearly, under Virginia statutory law, an employer and, in turn, his workmen's compensation insurance carrier, are subrogated to the rights of an injured employee who receives workmen's compensation benefits Va.Code Ann. §§ 65.1–41 and 112 (Repl.Vol.1980), and they are thus entitled to seek recovery of the amount of the benefits from a third party tortfeasor. As such, they should be considered "real parties in interest" within the meaning of Rule 17(a), and the majority of courts have so held. *See* 3A Moore's Federal Practice ¶ 17.09[2.–1] (2d ed. Supp. 1981); *United States v. Aetna Surety Co.*, 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171 (1949). Moreover, it is well established that even a partial subrogee is "a real party in interest" within the meaning of Rule 17(a) and may thus be joined as a party plaintiff upon a timely motion by the defendant. *See, e.g., Public Service Company of Oklahoma v. Black & Veatch*, 467 F.2d 1143 (10th Cir. 1972); *Wattles v. Sears, Roebuck and Co.*, 82 F.R.D. 446 (D.Neb.1979); *Brown v. Fisher Skylights, Inc.*, 31 F.R.D. 532 (E.D. N.Y.1962). The Supreme Court in *Aetna Surety Co.*, however, made it clear that partial subrogees are not "indispensable" parties within the meaning of Rule 19(b) of the Federal Rules of Civil Procedure. 338 U.S. at 382 n. 19, 70 S.Ct. at 216 n. 19. Accordingly, federal courts will deny a defendant's motion to join a partial subrogee when to do so would destroy diversity jurisdiction. *See, e.g., Garcia v. Hall*, 624 F.2d 150 (10th Cir. 1980); *Virginia Electric & Power Co. v. Westinghouse Electric Corp.*, 485 F.2d 78 (4th Cir. 1973), *cert. denied*, 415 U.S. 935, 94 S.Ct. 1450, 39 L.Ed.2d 346 (1974); *Jefferson v. Ametek, Inc.*, 86 F.R.D. 425 (D.Md.1980); *Morelli v. Northwest Engineering Corp.*, 30 F.R.D. 522 (E.D.Wis. 1962).

In the present case, however, the joinder of Southern States Roanoke Cooperative, Inc., and Southern States Insurance Exchange as parties plaintiff does not eliminate this court's diversity jurisdiction. Pursuant to Rule 17(a) and Virginia law, it is evident that Southern States Roanoke Cooperative, Inc., and Southern States Insurance Exchange are "real parties in interest" in this action and therefore should not be dismissed. Accordingly, it is ADJUDGED and ORDERED that plaintiffs' motion to dismiss Southern States Roanoke Cooperative, Inc., and Southern States Insurance Exchange as parties plaintiff be, and hereby is, denied.