Vaughan E. TYNDZIK, Claimant–
Petitioner,

v.

**DIRECTOR, OFFICE OF WORKERS
COMPENSATION PROGRAMS,**
Respondent,

**University of Guam, Employer–
Respondent.**

No. 93–70634.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 1994.

Decided May 2, 1995.

Derek B. Jacobson, McGuinn, Hillsman & Palefsky, San Francisco, CA, for claimant–petitioner.

Sandra D. Lynch, Carbullido & Pires, Upper Tumon, Guam, for employer-respondent University of Guam.

Before HUG, CANBY, and KLEINFELD, Circuit Judges.

CANBY, Circuit Judge.

In this case we must decide whether on September 1, 1988, the University of Guam ("the University") was a "subdivision" of the government of Guam, for purposes of the Longshore and Harbor Workers' Compensation Act ("LHWCA"), §§ 1, *et seq.*; 33 U.S.C. §§ 901, *et seq.* We hold that the University was not a subdivision of Guam within the meaning of 33 U.S.C. § 903(b) at that time.

## I

## BACKGROUND

Vaughan E. Tyndzik was employed by the University from 1977 to 1988. His job duties included underwater diving. Tyndzik estimates that he performed approximately 1500 dives.

In September of 1988, Tyndzik was diagnosed with dysbaric osteonecrosis (also known as bone rot) and neurological damage. Dysbaric osteonecrosis is a permanent and painful condition caused by expanding blood gasses trapped in the bone under pressure. Tyndzik's conditions are believed to be due to his repeated exposure to hyperbaric environments incurred during his diving work for the University. As a result of these injuries, Tyndzik is now permanently disabled.[1]

Because of his disability, Tyndzik filed a claim under the LHWCA with the Department of Labor. The University contested

---

1. The parties stipulated that Tyndzik's date of injury was September 1, 1988.

the claim, maintaining that the LHWCA applies neither to it nor to Guam. A hearing was held before an Administrative Law Judge who ruled that the LHWCA does not apply to Guam, and that even if it did, its coverage does not extend to the University, because the University was a governmental employer not subject to the LHWCA.

The Director of Office of Workers' Compensation Programs, United States Department of Labor, petitioned the Benefits Review Board ("the Board") to review the Administrative Law Judge's decision. The Board concluded, contrary to the Administrative Law Judge, that the LHWCA does apply to Guam.[2] The Board agreed, however, that its coverage does not extend to the University.

 Tyndzik, who was not a party before the Board,[3] now asks us to review the Board's decision. Tyndzik maintains that the University is not a governmental subdivision and thus not exempt from the LHWCA pursuant to 33 U.S.C. § 903(b). We have jurisdiction under 33 U.S.C. § 921(b). We review the Board's decision for "errors of law and adherence to the substantial evidence standard." *Metropolitan Stevedore Co. v. Brickner*, 11 F.3d 887, 889 (9th Cir.1993) (quoting *Port of Portland v. Director, OWCP*, 932 F.2d 836, 838 (9th Cir.1991)).

## II

## THE UNIVERSITY OF GUAM'S STATUS

The LHWCA provides that "[n]o compensation shall be payable in respect of the disability or death of an officer or employee of the United States, or any agency thereof, or of any State or foreign government, or any subdivision thereof." 33 U.S.C. § 903(b). The LHWCA defines the term "State" to include territories. 33 U.S.C. § 902(8). Thus the applicability of the LHWCA to the University depends on whether the University was a "subdivision" of the Territory of Guam when Tyndzik suffered his injury.

In 1963, the Guam Legislature created the University. Pub.L. No. 7–66 (codified as 12 Guam Code Ann. §§ 11830, *et seq.* (1963) (repealed 1976)). Because of problems of political intervention, the Legislature in 1976 enacted the "Higher Education Act." Pub.L. No. 13–194, 17 Guam Code Ann. §§ 16101, *et seq.* (1976) (repealed 1988). The Higher Education Act gave the University more independence from the government of Guam and created a "non-membership, non-profit corporate" university to succeed the previous university. In December of 1988, after Tyndzik's injury, the Guam Legislature passed "An Act to Repeal and Reenact Chapter 16 of Title 17 Guam Code Annotated to Clarify and Strengthen the University of Guam Charter." Pub.L. No. 19–40 (codified as 17 Guam Code Ann. §§ 16101, *et seq.* (1988)). The 1988 Act declared that the University "is hereby confirmed as [a] public territorial University...."[4] Pub.L. No. 19–40 (codified as 17 Guam Code Ann. § 16101).

 Because Tyndzik's injury occurred in September of 1988, the statute relevant to whether the University is a "subdivision" is the Higher Education Act. The University, however, maintains that the Legislature's 1988 declaration is dispositive. According to the University, by *confirming* that the University is a "public territorial" university, the Legislature made clear that the University

---

**2.** That ruling has not been appealed.

**3.** In a separate motion, the University moved to dismiss this case for lack of jurisdiction alleging that Tyndzik lacks standing because he was not a party before the Board. We denied this motion because Tyndzik is an aggrieved party within the meaning of 33 U.S.C. § 921(c). He is not prevented from seeking review merely because he did not participate in the proceedings before the Board. *See United States v. Bender Welding & Mach. Co.*, 558 F.2d 761, 765–66 (5th Cir.1977). His participation was unnecessary because the United States appeared on his behalf.

**4.** According to the Administrative Law Judge's opinion in the present case, the 1988 Act was passed in response to controversy over the unpublished decision of the U.S. District Court in Guam in *Carter v. Torres*, No. 83–0042 (D. Guam Feb. 5, 1986). *Carter* held that an action against the University under 42 U.S.C. § 1983 would not lie because the University under the Higher Education Act was not "an agency or instrumentality of the Government of Guam." *Id.*

was a governmental subdivision at the time of Tyndzik's injury.

We disagree. Even if the University was a "public territorial" university at the time of Tyndzik's injury, it does not follow that it was a "governmental subdivision" for purposes of the LHWCA. More important, however, is the fact that the 1988 Act did not purport retroactively to change the University's status under the 1976 Act. By *confirming* that the University was a "public territorial" university, the Legislature simply expressed its own legal opinion concerning the University's past status, whatever prospective effect its declaration might have. The issue remains whether the University was a governmental subdivision under the Higher Education Act.

■ Looking to the Higher Education Act itself, the language is clear. The Act created "a non-membership, non-profit corporation." Pub.L. 13–199 (codified as 17 Guam Code Ann. § 16101 (1976) (repealed 1988)). The Act turned control of the University over to the Board of Regents. 17 Guam Code Ann. § 16104 (1976). The Board's members were not "employees of the government of Guam." 17 Guam Code Ann. § 16105.3 (1976). Under the Act, the University was not controlled by the government of Guam. *Cf. Carter v. Torres*, No. 83–0042 (D.C. Guam Feb. 5, 1986) (finding that the University is not a "public corporation" under the Act because the Act removed the University from the control of Guam's government).[5]

The University also cannot perform basic governmental functions on its own. The University cannot take property by eminent domain, cannot enact ordinances, and cannot tax. The University is not some kind of a semi-independent governmental body akin to a municipality, that could reasonably be classified as a "governmental subdivision." *See Purnell v. Norned Shipping B.V.*, 801 F.2d 152, 154 n. 2 (3rd Cir.1986) (noting that the "LHWCA expressly exempts from its cover-

age employees of political subdivisions of states, such as municipalities"), *cert. denied, sub. nom. Wilmington v. Wilmington Stevedores, Inc.*, 480 U.S. 934, 107 S.Ct. 1576, 94 L.Ed.2d 767 (1987).

The University, therefore, was neither controlled by the government of Guam, nor was itself some form of governmental body. In the particular circumstances of the statutory and decisional framework creating and regulating the University of Guam during the relevant time period, we conclude that the University was not a governmental subdivision at the time of Tyndzik's injury, for purpose of the LHWCA. *Cf. Museum Associates v. N.L.R.B.*, 688 F.2d 1278, 1280 (9th Cir.1982) (noting that the National Labor Relations "Board defines [a] political subdivision (1) to be an entity created directly by the state so as to constitute a department or administrative arm of the government, or (2) [to be] an entity administered by individuals who are responsible to public officials or to the general public").[6]

At the time of Tyndzik's injury the University of Guam was not a governmental subdivision under the LHWCA. Tyndzik may therefore pursue his claim for benefits against the University of Guam pursuant to the LHWCA.

The petition for review is GRANTED; the order denying benefits is VACATED; and the matter is REMANDED to the Board for further proceedings.

---

5. It is true, as the University points out, that the Guam legislature appoints the Board of Regents, and exercises control over the University's budget. But the Board's members are not governmental employees and thus the Guam government does not control the University in the relevant sense.

6. The Higher Education Act was superseded by the 1988 Act. *See* 17 Guam Code Ann. §§ 16101, *et seq.* (1988). We express no opinion as to the current status of the University.