METROPOLITAN STEVEDORE
COMPANY, Petitioner,

v.

Wesley BRICKNER; Director, Office of
Workers Compensation Programs,
Respondents.

No. 92–70248.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1993.

Decided Dec. 1, 1993.

Robert E. Babcock, Littler, Mendelson, Fastiff & Tichy, Portland, OR, for petitioner Metropolitan Stevedore Co.

James McAdams, Magana, Cathcart, McCarthy & Pierry, Wilmington, CA, for respondent Wesley Brickner.

Joshua T. Gillelan, Donald S. Shire, U.S. Dept. of Labor, Washington, DC, for respondent Director, Office of Workers' Compensation Programs.

Before: REINHARDT, BRUNETTI and FERNANDEZ, Circuit Judges.

FERNANDEZ, Circuit Judge:

This appeal carries us into uncharted waters concerning the authority conferred upon administrative officers to impose sanctions against a claimant who in bad faith initiates or continues workers compensation proceedings under the Longshore & Harbor Workers' Compensation Act ("LHWCA"). We conclude that sanctions may not be imposed by an administrative officer under the LHWCA and affirm the order of the Department of Labor Benefits Review Board.

## BACKGROUND FACTS

Wesley Brickner allegedly suffered work-related injuries on three occasions. His employer, Metropolitan Stevedore Company ("Metropolitan"), paid him compensation for each of the three injuries pursuant to the LHWCA, 33 U.S.C. § 901–50. Brickner then claimed that the first injury caused permanent disability which entitled him to additional compensation, that the second injury disabled him for four months longer than Metropolitan had paid him, and that, with respect to all three injuries, Metropolitan had paid a lower rate of compensation than the rate to which he was entitled.

The Administrative Law Judge ("ALJ") found that neither Brickner nor his treating physician were credible and denied Brickner's claims for additional compensation for the first two injuries. She further found that Brickner was not entitled to any compensation for the third injury. In calculating the rate of compensation, which is a function of Brickner's prior earnings, the ALJ did not adjust for periods of compensated disability prior to the three subject injuries because she found that those periods "were for the

most part associated with dubious or frankly fictional injuries." Although the ALJ ultimately found that Metropolitan had paid a lower rate of compensation for the first two injuries than it should have, Metropolitan did not owe any additional compensation to Brickner because it had paid on the third injury, which was not compensable.

Metropolitan requested an award of costs and attorney fees against Brickner pursuant to 33 U.S.C. § 926 and Fed.R.Civ.P. 11. The ALJ concluded that Brickner had tacked the rate of compensation issue to each of the three injury claims "in a transparent attempt to confer legitimacy on the prosecution of meritless claims while avoiding any penalty for doing so." In addition, the ALJ judged that Brickner "was motivated solely by his ire, frustration and desire to produce some adverse impact on the only longshore employer in his experience that had persistently refused to accommodate [his] demands and plans for a cash settlement of his claims." Concluding that Brickner had pursued his claims without reasonable ground within the meaning of 33 U.S.C. § 926, the ALJ ordered Brickner to pay costs of $701.34 to Metropolitan. Metropolitan's request for $17,500.54 in attorney fees was denied on the ground that § 926 did not include attorney fees and Fed.R.Civ.P. 11 was inapplicable to administrative proceedings under the LHWCA.

Brickner petitioned the Board for review of the ALJ's decision. The Board held that the ALJ had erred in calculating the rate of compensation and that Metropolitan had underpaid Brickner by even more than the ALJ found. However, because Metropolitan had paid for the third injury, the error was harmless. Because Brickner had prevailed on his claim concerning the proper rate of compensation, the Board reversed the imposition of costs under § 926, and denied Metropolitan's cross-appeal for an award of attorney fees.

## JURISDICTION AND STANDARD OF REVIEW

 The Board had jurisdiction pursuant to 33 U.S.C. § 921(b)(3). Our jurisdiction to review the Board's decision is found in 33 U.S.C. § 921(c). We review the Board's decision for "errors of law and adherence to the substantial evidence standard." *Port of Portland v. Director, OWCP*, 932 F.2d 836, 838 (9th Cir.1991). We respect reasonable interpretations of the LHWCA by the Board, but defer "to the statutory interpretations of the Director of the Office of Workers' Compensation Programs." *Id.; see Hunt v. Director, OWCP*, 999 F.2d 419, 421 (9th Cir. 1993). The "distinction in the deference owed the Director and the Board is significant ... where their positions conflict with respect to the issues raised on appeal." *Port of Portland*, 932 F.2d at 838 (internal quotation omitted).

## DISCUSSION

### A. Scope of 33 U.S.C. § 926

 Section 26 of the LHWCA provides,

If the court having jurisdiction of proceedings in respect of any claim or compensation order determines that the proceedings in respect of such claim or order have been instituted or continued without reasonable ground, the costs of such proceedings shall be assessed against the party who has so instituted or continued such proceedings.

33 U.S.C. § 926. The question of statutory interpretation raised by this appeal is: who may assess costs under § 926? In answering this question, we have a duty to construe the LHWCA "liberally in light of the Act's purpose. We cannot, however, disregard the plain meaning of the statute or its legislative history, nor may we create rights not given or implied by the terms of the Act." *Director, OWCP v. Robertson*, 625 F.2d 873, 878 n. 9 (9th Cir.1980) (citations omitted).

 The Director takes the position that § 926 has no application to administrative proceedings. Section 926 is directed to "the court." The Director concludes that this language assigns the authority to impose costs to the United States district courts, courts of appeals, and Supreme Court, but not to any ALJ or to the Board. On the other hand, the Board has assumed, without expressly deciding, that an ALJ has authority to impose costs under § 926. *See Toscano v. Sun Ship, Inc.*, 24 B.R.B.S. 207 (1991); *Freiwillig v. Triple A South*, 23 B.R.B.S. 371 (1990). We agree with the Director.

Other provisions of the LHWCA indicate that Congress knew how to distinguish between deputy commissioners,[1] the Board and federal courts in the context of awarding fees. For example, 33 U.S.C. § 928, which authorizes an award of attorney fees to a prevailing claimant, provides that the attorney or witness fee may be approved by a deputy commissioner, hearing officer, Board or court, depending upon the forum in which the claimant succeeds upon his claim. *See Palmer Coking*, 867 F.2d at 556 (court of appeals has authority to grant § 928 attorney fees for work done on appeal, but not for work done before the ALJ or Board).

The Director's position is supported by the legislative history of § 926. Congress modeled § 926 on § 24 of the New York workers' compensation law, which provided that costs could be assessed by "the board or the court" before which compensation proceedings were brought. 1913 N.Y.Laws ch. 816 § 24. The original bill submitted to Congress provided that "the deputy commissioner or the District Court before whom any proceedings [were] brought" could impose costs. S. 3170, 69th Cong., 1st Sess., § 34 (1926). However, the bill as enacted deleted the reference to deputy commissioners. This leads to the conclusion that only a federal court can impose § 926 costs. Congress made costs available when the courts were resorted to, but not during the administrative process.

Section 926 has not been amended since its enactment in 1927. Originally, deputy commissioners conducted hearings and adjudicated claims. Their decisions were reviewable by the district courts, with further review by the courts of appeals. In 1972, Congress significantly changed the procedure by transferring formal adjudication responsibilities from the deputy commissioners to the ALJs and by transferring the initial review proceedings from the district courts to the Board. *See Kalaris v. Donovan*, 697 F.2d 376, 381–83 (D.C.Cir.), *cert. denied*, 462 U.S.

1119, 103 S.Ct. 3088, 77 L.Ed.2d 1349 (1983). We recognize that it could be argued that when § 926 was first adopted the intent was to make costs available in review proceedings and that the Board now conducts the first review. Nevertheless, the Board is not a court. If Congress wanted to confer cost awarding power upon the Board, it could easily have done so when it amended the statutory scheme. Instead, it continued the prior division between court and administrative proceedings.

At first blush this result might seem unusual because it is different from the practice in the federal courts. Unlike court litigation, here costs for unreasonably instituting an action cannot be assessed by the forum in which the claim is instituted, *i.e.*, by a deputy commissioner or ALJ. They can only be assessed upon review by the court of appeals, or upon enforcement of an order by the district court. *See* 33 U.S.C. §§ 921(c) (court of appeals has jurisdiction to review Board's order); 921(d) (district court has jurisdiction to enforce compensation order). However, it is the result which plainly flows from the use of the term "court" in § 926. Moreover, Congress has always been solicitous of the well-being of workers and protection has characterized its policy toward them. It takes no flight of fancy to think that Congress has assured workers of a trip through the administrative process free from the fear of cost imposition. At the same time, Congress may have wanted to subject them to some costs if they brought their unreasonable claims into court. Finally, when the statute is "easily susceptible to the Director's interpretation, we need go no further." *Hunt*, 999 F.2d at 421 (internal quotation omitted). The Director's interpretation is reasonable. We hold that neither the deputy commissioner, the ALJ nor the Board has authority to impose costs under § 926.[2]

---

1. A deputy commissioner receives claims, notifies the parties, investigates claims, and orders hearings at the request of a party. 33 U.S.C. §§ 919(a)–(c); *see Director, OWCP v. Palmer Coking Coal Co.*, 867 F.2d 552, 553–54 (9th Cir. 1989). The ALJ conducts administrative hearings. 33 U.S.C. § 919(d).

2. Because we conclude that neither the ALJ nor the Board had authority to impose costs under § 926, we need not reach the other question raised by Metropolitan: whether the term "costs" includes attorney fees.

## B. *Applicability of Fed.R.Civ.P. 11*

■ The Federal Rules of Civil Procedure govern procedure in the United States district courts, "with the exceptions stated in Rule 81." Fed.R.Civ.P. 1. The only possible exception applicable in this case is found in Fed.R.Civ.P. 81(a)(6), which provides, "These rules apply to *proceedings for enforcement or review* of compensation orders under [§§ 18 and 21 of the LHWCA], ... *except* to the extent that *matters of procedure* are provided for in that Act." (Emphasis added). Because Rule 81(a)(6) is limited to proceedings for enforcement or review of compensation orders, it does not make Rule 11 applicable to the administrative hearing before the ALJ under §§ 919(c), (d), 923. Moreover, nothing in Rule 81(a)(6) suggests that it is intended to broaden the applicability of the Rules beyond that provided in Rule 1. In other words, Rule 81(a)(6) simply indicates that when a proceeding under the LHWCA is had in the federal district courts, the Rules will apply as though it were an ordinary civil action. That would avoid any claim that because the proceeding was special in some way the Rules could not apply.

The regulations which govern practice and procedure before ALJs incorporate the Federal Rules of Civil Procedure "in any situation not provided for or controlled by these rules, or by any statute, executive order or regulation." 29 C.F.R. § 18.1(a) (1992). We doubt that the regulation expresses an intent to incorporate Rule 11 authority into every case where there is an adjudicatory proceeding before an ALJ. That would certainly be the grant of vast power in a very backhanded manner. Our doubts are increased by 29 C.F.R. § 18.29(b) which recognizes that enforcement actions against those who misbehave in proceedings before an ALJ are to be referred to the court system. We, of course, are aware of the exceedingly high sanctions that can be imposed pursuant to Rule 11. The very possibility of those might well upset the dynamics of these administrative proceedings. We need not decide, however, whether this kind of incorporation of Rule 11 into administrative proceedings can ever be permissible. Regulation 18.1(a) itself does not purport to apply when the "situation" is otherwise provided for by statute. This "situation" is.

· It is obvious that § 926 provides for the situation when a party institutes or continues a proceeding without reasonable ground. However, Metropolitan claims that because there is no other statute or regulation which governs claims prosecuted in bad faith, Rule 11 should be incorporated to cover that situation. The Director has taken no official position on the applicability of Rule 11 to administrative proceedings under the LHWCA. The Board contends that § 926, which allows a sanction for unreasonable claims against either party, impliedly precludes a sanction for bad faith claims, and therefore Rule 11 should not be incorporated. We agree.

■ The LHWCA expresses an intent that deputy commissioners and the Board generally are not bound by the Federal Rules of Civil Procedure. 33 U.S.C. § 923(a) (deputy commissioners and Board shall not be bound by formal rules of procedure and evidence). LHWCA hearings are conducted in accordance with general administrative practice. *See* 33 U.S.C. § 919(d); 5 U.S.C. § 554. Section 926 expressly authorizes an award of sanctions in an LHWCA proceeding under particular circumstances. That section makes it plain that Congress *has* considered the possibility that either party will do the kind of acts contemplated by Rule 11 and has determined the stage at which corrective disciplinary action can be taken. Ordinarily, when Congress has provided a particular remedy, this court will not imply a different one. *See Stevedoring Serv. of Am., Inc. v. Eggert*, 953 F.2d 552, 555–57 (9th Cir.) (when statute provided that overpayments would be deducted from future compensation payments, court would not permit remedy of recoupment), *cert. denied,* —— U.S. ——, 112 S.Ct. 3056, 120 L.Ed.2d 922 (1992). We see no reason to imply one in this highly sensitive social area. Again, application of Rule 11 could have baleful effects on the balance already struck by Congress.

## CONCLUSION

.This case points up what could be a serious problem in the administration of the LHWCA. We do not know that it is one.

Neither the Board nor the Director seems to think so, and this very case which Metropolitan appears to think of as a prime example is also a case where the Board found some merit in the claimant's position. Perhaps the problem is simply a hobgoblin in Metropolitan's mind. Again, we do not know.

What we do know is that if claimants continue proceedings in the courts without reasonable ground, Congress has seen fit to provide for the imposition of costs as a sanction. It has done no more. If the Director, the Board, or others feel the need for a further cost or attorney fee provision, they must seek it in Congress.

AFFIRMED.