98 F.3d 1170
 1997 A.M.C. 9, 96 Cal. Daily Op. Serv. 7815,
96 Daily Journal D.A.R. 12,951
 MALLOTT & PETERSON and Industrial Indemnity Co., Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,
DEPARTMENT OF LABOR; Beatrice Stadtmiller, widow
of Delbert Stadtmiller, Respondents.
 No. 94-70927.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 12, 1996.
Decided Oct. 24, 1996.
 
 Roger A. Levy, Laughlin, Falbo, Levy & Moresi, San Francisco, CA, for petitioners.
 Victoria Edises and Anne Michelle Burr, Kazan, McClain, Edises, Simon & Abrams, Oakland, CA; Mark A. Reinhalter, Office of the Solicitor, Department of Labor, Washington, DC, for respondents.
 Petition for Review of an Order of the Benefits Review Board. OWCP No. 13-87454, BRB No. 94-0439.
 Before: SNEED, NORRIS, and WIGGINS, Circuit Judges.
 WILLIAM A. NORRIS, Circuit Judge:
 
 
 1
 Section 933 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-950 (1988) (LHWCA or Act), establishes a claimant's right to pursue claims for his or her injuries against third parties without forgoing compensation under the Act. Subsection (g), the provision at issue in this case, protects employers against claimants entering into inordinately low settlements that would deprive the employer of a proper setoff available under subsection (f).
 
 
 2
 Subsection (g) provides that "[i]f the person entitled to compensation (or the person's representative )" under the Act enters into a settlement of a claim against a third party without approval of the employer, the person forfeits his or her rights to the LHWCA compensation. 33 U.S.C. § 933(g) (emphasis added). The Benefits Review Board of the Department of Labor (Board) interpreted "representative" as used in § 933(g) to exclude legal counsel acting within the attorney-client relationship. It therefore held that Mallott & Peterson and its LHWCA insurer, Industrial Indemnity Co. (Employer), which owed LHWCA benefits to Beatrice Stadtmiller, were liable to Stadtmiller despite certain actions by her attorney Harry Wartnick which allegedly settled Stadtmiller's claim against third party Waldron Duffy, Inc. (Waldron) without Employer's approval.[1] Stadtmiller v. Mallott & Peterson, 28 Ben.Rev.Bd.Serv. (MB) 304, 1994 WL 661134, at * 5 (1994) (per curiam). The Board also held that the finding of the Administrative Law Judge (ALJ) that Stadtmiller had not ratified any settlement was reasonable in light of the evidence presented. Id. at * 7. Employer timely petitioned pursuant to 33 U.S.C. § 921(c) to have the Board's decision set aside. We deny the petition.
 
 
 3
 * Employer argues that the Board misconstrued the term "representative" as used in § 933(g). According to Employer, the way the term "representative" is used in other provisions of the LHWCA, as well as in other statutes, and the general purpose of the LHWCA, establish that "representative" as used in § 933(g) must include legal counsel acting within the attorney-client relationship. Stadtmiller and Respondent Director of the Office of Workers' Compensation Programs assert that "representative" in § 933(g) means the legal representative of a deceased person, i.e., an executor or administrator, and thus does not include legal counsel such as Wartnick.
 
 
 4
 Although decisions of the Board are reviewed for "errors of law," Metropolitan Stevedore Co. v. Brickner, 11 F.3d 887, 889 (9th Cir.1993), "considerable weight" is accorded to the statutory construction of the LHWCA urged by the Director. Hunt v. Director, OWCP, 999 F.2d 419, 421 (9th Cir.1993); see also Director, OWCP v. General Dynamics Corp., 982 F.2d 790, 795 (2d Cir.1992) (explaining that Secretary of Labor delegated to OWCP " 'all functions of the Department of Labor with respect to the administration of benefit programs' under the [LHWCA] and designated the Director to represent him in all review proceedings. Thus the Director, as the policy-making authority, is to be accorded deference.") (citations omitted). If the Director's interpretation is "reasonable," the court should defer to it. See Martin v. Occupational Safety & Health Rev. Comm'n, 499 U.S. 144, 158, 111 S.Ct. 1171, 1179-80, 113 L.Ed.2d 117 (1991). Put another way, if the provision to be interpreted is "easily susceptible" to the Director's interpretation, the reviewing court "need go no further." Hunt, 999 F.2d at 421. This deference extends not only to regulations articulating the Director's interpretation, but also to litigating positions asserted by the Director in the course of administrative adjudications, since administrative adjudications are agency action, not post hoc rationalizations for it. Martin, 499 U.S. at 156-57, 111 S.Ct. at 1178-79.
 
 
 5
 For the reasons stated by the Board in its decision, see Stadtmiller, 1994 WL 661134, at * 4-* 6, we hold that the Director's interpretation of "representative" in § 933(g) to mean the "legal representative of the deceased," and to exclude legal counsel acting within the attorney-client relationship, is reasonable. Section 933(c) specifically defines the term "representative" for purposes of § 933. Section 933(c) provides that "legal representative of the deceased" is "hereinafter referred to as 'representative.' " 33 U.S.C. § 933(c); see also Aetna Life Ins. Co. v. Moses, 287 U.S. 530, 539, 53 S.Ct. 231, 232, 77 L.Ed. 477 (1933) (interpreting "representative" in § 933(e) to mean "representative of the deceased"). Moreover, only the Director's interpretation of "representative" can be reconciled with the specific language of § 933(g)(1). Section 933(g)(1) refers to entering into settlements "for an amount less than the compensation to which the person (or the person's representative) would be entitled...." As the Board pointed out, "[w]hile a legal representative of the decedent may receive compensation [for a LHWCA claim], his attorney cannot." Stadtmiller, 1994 WL 661134, at * 5. Attorneys can recover attorney's fees, but they are not entitled to recover "compensation," defined in § 902(12) of the Act as "the money allowance payable to an employee or his dependents...." 33 U.S.C. § 902(12).
 
 
 6
 We reject Employer's arguments against the Director's interpretation for the reasons stated by the Board. See Stadtmiller, 1994 WL 661134, at * 5-* 6. In addition, contrary to Employer's assertion, the Director's interpretation does not frustrate § 933(g)'s purpose of protecting employers from inordinately low settlements because an attorney cannot settle a case without some action by the client, i.e., the claimant or his or her legal representative. See Levy v. Superior Court, 10 Cal.4th 578, 41 Cal.Rptr.2d 878, 882-84, 896 P.2d 171, 175-76 (1995) (holding that the signature of a party's attorney is insufficient to create an enforceable settlement under California law); Blanton v. Womancare, Inc., 38 Cal.3d 396, 212 Cal.Rptr. 151, 155-56, 158-59, 696 P.2d 645, 650, 653 (1985) (invalidating agreement to submit dispute to binding arbitration without possibility of judicial review because it was entered into without client's consent and it impaired client's substantial rights); Whittier Union High Sch. Dist. v. Superior Court, 66 Cal.App.3d 504, 136 Cal.Rptr. 86, 89 (1977) ("the law is well settled that an attorney must be specifically authorized to settle and compromise a claim, that merely on the basis of his employment he has no implied or ostensible authority to bind his client to a compromise settlement of pending litigation"); accord United States v. Beebe, 180 U.S. 343, 352, 21 S.Ct. 371, 374-75, 45 L.Ed. 563 (1901).
 
 II
 
 7
 Employer argues in the alternative that, even if Wartnick is not a "representative" within the meaning of § 933(g), Stadtmiller nonetheless forfeited her benefits because she ratified the settlement negotiated by Wartnick.[2] Ratification is a question of fact. Common Wealth Ins. Sys., Inc. v. Kersten, 40 Cal.App.3d 1014, 115 Cal.Rptr. 653, 661 (1974). Employer bears the burden of proving that Beatrice ratified Wartnick's efforts. See Gates v. Bank of America Nat'l Trust & Sav. Ass'n, 120 Cal.App.2d 571, 261 P.2d 545, 547-48 (1953).
 
 
 8
 Decisions of the Board are reviewed for "adherence to the substantial evidence standard." Metropolitan Stevedore, 11 F.3d at 889. The Board's own review of the ALJ's factual findings is similarly limited by the LHWCA. 33 U.S.C. § 921(b)(3) (ALJ's factual findings "shall be conclusive if supported by substantial evidence in the record considered as a whole"). "The Board may not substitute its views for those of the ALJ, but instead must accept the ALJ's findings unless they are contrary to the law, irrational, or unsupported by substantial evidence in the record." King v. Director, OWCP, 904 F.2d 17, 18 (9th Cir.1990) (per curiam) (internal quotation omitted).
 
 
 9
 The Board determined that the ALJ's finding that Stadtmiller had not ratified Wartnick's efforts was rational, given the evidence in the record. Ratification requires that the principal, knowing the facts, accepts the benefits of the agent's actions. See Alvarado Community Hosp. v. Superior Court, 173 Cal.App.3d 476, 219 Cal.Rptr. 52, 54-55 (1985). We agree with the Board that the ALJ's finding of no ratification was supported by substantial evidence in the form of testimony by Wartnick and Waldron's attorney that Stadtmiller refused to sign a release in favor of Waldron. Neither Stadtmiller's deposition nor her written declaration required the ALJ to infer that she was aware that Wartnick had dismissed her action against Waldron or that he had received a payment earmarked for her as a result of the dismissal. We join the Board in accepting the ALJ's reasoning that, even if Stadtmiller had known the details of Wartnick's conduct, it is doubtful that she would have realized this conduct amounted to a settlement or have understood enough about the legal consequences of a settlement to have knowingly ratified it. In sum, the Board properly applied the substantial evidence standard when it affirmed the ALJ's finding that Stadtmiller rejected rather than ratified any settlement agreement.[3]
 
 CONCLUSION
 
 10
 We hold that Wartnick is not a representative within the meaning of § 933(g) and the finding that Stadtmiller did not ratify Wartnick's actions is supported by substantial evidence. Therefore, we DENY employer's petition to set aside the Board's order.
 
 
 
 [1]
 Employer argues on appeal that the Board erred when it refused to take judicial notice of a "Notice of Class Action" filed in another case, which allegedly establishes that Stadtmiller had entered into an unapproved settlement of a claim against third party Fiberboard. The Board did not err. The Board's review is not de novo, and the Notice was not part of the record before the ALJ. Moreover, although the Notice states that Wartnick had settled his existing claims against Fiberboard (and thus was eligible to represent the Class in the other suit), it was not beyond reasonable dispute that Stadtmiller's claim, which is not specifically mentioned in the Notice, was among the ones settled. Thus, the "fact" allegedly established by the Notice is not among the traditional matters of judicial notice. See 29 C.F.R. § 18.45; Fed.R.Evid. 201
 
 
 [2]
 The ALJ held that under applicable California law, an attorney's actions will bind his or her client on agency principles (1) when the attorney has actual authority from the client to enter into the settlement; (2) when the attorney has apparent authority; or (3) when the unauthorized settlement is later ratified by the client. Order denying motion for rescission, dated Oct. 18, 1993, at 9 (citing Blanton v. Womancare, Inc., 38 Cal.3d 396, 212 Cal.Rptr. 151, 696 P.2d 645 (1985)). The ALJ found that Wartnick had neither actual nor apparent authority. Employer did not challenge those findings before the Board and does not challenge them here. Instead, Employer contends that Federal law applies, and that under Federal law, a client is bound by the acts of her attorney
 The instances in which the courts are authorized to fashion federal common law are restricted to "those in which a federal rule of decision is 'necessary to protect uniquely federal interests,' and those in which Congress has given the courts the power to develop substantive law." Texas Indus., Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 640, 101 S.Ct. 2061, 2067, 68 L.Ed.2d 500 (1981) (citations omitted). Neither category is relevant here. See Slavin v. Commissioner, 932 F.2d 598, 601 (7th Cir.1991) ("Normally the authority of an agent (a lawyer is just a specialized agent) derives from state law; that the substantive dispute concerns federal law does not matter."). Moreover, under federal law, "[w]hile there is a presumption that a settlement entered into by an attorney has been authorized by the attorney's client, rebuttal of the presumption renders any purported settlement ineffective." Michaud v. Michaud, 932 F.2d 77, 80 (1st Cir.1991).
 
 
 [3]
 Given the bases of our decision, we need not decide the contested issue whether Wartnick actually reached a settlement with Waldron