101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wallace K. NELSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Guy F.
Atkinson Construction Company; Wausau Insurance
Co., Respondents.
 No. 95-70333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 13, 1996.
 
 1
 Before: CANBY, RYMER, and KLEINFELD Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Wallace K. Nelson petitions for review of the final order of the Benefits Review Board, denying him coverage under the Longshore and Harbor Workers' Compensation Act (LHWCA) for an injury sustained during construction on dry land of a lock to the Columbia River. We have jurisdiction under 33 U.S.C. § 921(c), and we affirm.
 
 
 4
 * The Board affirmed the ALJ's decision denying benefits on the footing that Nelson's injury did not occur upon "navigable waters" or "other adjoining area" for purposes of coverage under § 903(a).
 
 
 5
 To qualify for compensation under the LHWCA, an injured worker must satisfy a two-prong test of "situs" and "status." Northeast Marine Terminal Co. v. Caputo, 432 U.S. 249, 265 (1977). Situs requires injury on "the navigable waters of the United States (including any adjoining pier, wharf, dry dock ... or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel)"; status requires "maritime employment." See 33 U.S.C. § 902(3), 903(a); Caputo, 432 U.S. at 252. If a worker's injury occurs on "actual navigable waters in the course of his employment on those waters," that worker satisfies both prongs. See Director, OWCP v. Perini North River Assoc., 459 U.S. 297, 324 (1983) (emphasis added).
 
 
 6
 We review the Board's decisions for errors of law and adherence to the substantial evidence standard. We give no special deference to the Board's interpretations of the LHWCA, but do defer to the interpretations of the Director of the Office of Workers' Compensation Programs when the Director's position and the Board's position "conflict with respect to the issues raised on appeal." Sproull v. Director, OWCP, 86 F.3d 895, 898 (9th Cir.1996) (quoting Metropolitan Stevedore Co. v. Brickner, 11 F.3d 887, 889 (9th Cir.1993)). The Director has appeared and filed a brief in support of Nelson's appeal, and we assume that she has standing as a respondent in this case.
 
 
 7
 The Director asks us to hold that Nelson's work was "maritime employment" for purposes of the status test, because construction of the lock on which he was working is directly related to the improvement of navigation, and because part of his work for Atkinson Construction was performed aboard vessels. In addition, she asks us to hold that the location of his injury satisfies the situs test because "any location at which maritime employees are in the process of creating a maritime facility, whether it be a pier, a shipyard facility, or (as here) a new navigable channel and lock" is "navigable waters" for purposes of the LHWCA.
 
 
 8
 We decline to defer to the Director's position in this case as the Board made no finding regarding Nelson's status as a "maritime employee," and Nelson has not raised the issue of his status on appeal. While status and situs are independent tests, "each test acts as a control upon the other so as to diminish the potential for undue expansion of coverage." Brady-Hamilton Stevedore Co. v. Herron, 568 F.2d 137, 140 (9th Cir.1978). Since the Director's "administrative construction" expressly defines situs in terms of status, and Nelson's status is not before us, there is no relevant conflict that requires us to defer to the Director's interpretations.
 
 II
 
 9
 The only question we must decide is whether the Board's interpretations were reasonable. Nelson identifies no authority holding that dry land that has never been submerged by "navigable waters" can nonetheless qualify as "navigable waters" simply because it may become submerged at some point in the future. While he argues that the Board's rule requiring a permanent withdrawal of water from an area to divest coverage under the LHWCA, and a permanent infusion of water to initiate coverage, arbitrarily distinguishes between potentially identical pieces of dry land depending on the timing of the presence of the navigable waters, we cannot say that the Board's application of the rule in this case was unreasonable. The plain language of the statute covers disability "from an injury occurring upon the navigable waters of the United States," and there is no dispute that Nelson's injury in fact occurred upon dry land.
 
 
 10
 Nor does the "situs" requirement mean only that the area have some maritime nexus, as Nelson contends. As the Board observed there is no evidence that the site of Nelson's injury was customarily used for any of the maritime activities specified by Congress in § 3(a) of the LHWCA. See Hurston v. Director, OWCP, 989 F.2d 1547, 1549 (9th Cir.1993) ("unless the injury occurs on a pier, wharf, dry dock, terminal, building way, or marine railway adjoining navigable waters, to be covered it must occur on 'other adjoining areas' which are 'customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel' ").
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3