141 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gonzalo GALLARDO, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; U.S.
Department of Labor; National Steel &
Shipbuilding Co., Respondents.
 No. 96-70931.
 BRB No. 95-1669.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 6, 1998.
Decided April 6, 1998.
 
 1
 Petition for Review of an Order of the Benefits Review Board.
 
 
 2
 Before BOOCHEVER and KLEINFELD, Circuit Judges, and TANNER, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Gonzalo Gallardo appeals from the Benefits Review Board's ("BRB") affirmance of the decision of an administrative law judge ("ALJ") denying him disability benefits.
 
 I. Delay in issuing the ALJ's opinion
 
 5
 Gallardo claims he was prejudiced by the eighteen-month delay between his hearing in December 1993 and the decision in May 1995, because eighteen months is too long for the ALJ to be able to remember the witnesses' demeanor and testimony. Gallardo claims that any credibility determination not evaluated "soon after the testimony has been rendered" is inaccurate. Gallardo also claims that the delay caused the ALJ to analyze improperly "key evidence" in the case: "Dr. Ignelzi was the only doctor who read and reviewed the results of the CT scan prior to giving his opinion. No other doctor reviewed the CT scan. They still have not." He argues that the ALJ "forgot that claimant testified he had pain following many physical activities including his regular work at [National]."
 
 
 6
 We give special deference to the ALJ's credibility determinations. "Where the ALJ relies on witness credibility in reaching his decision, our court will interfere only where the credibility determinations conflict with the clear preponderance of the evidence.... In general ... credibility determinations [are left] intact." Cordero v. Triple A Machine Shop, 580 F.2d 1331, 1335, 1338 (9th Cir.1978). In this case the ALJ explained that Gallardo's statement that he did not understand English and spoke it only slightly conflicted with other evidence, and that Gallardo also understated his ability to work, as shown by his job record, his treating physician's release of Gallardo to full duty, and by a surveillance film showing him lifting a heavy bottle of water.
 
 
 7
 First, while Gallardo's statements about his English proficiency do not seem sufficient to undermine his credibility, the ALJ listed other reasons for doubting his pain testimony.
 
 
 8
 Second, the ALJ was not mistaken in concluding that Dr. Ignelzi was not the only doctor to analyze the CT scan. In fact, the CT scan was also reviewed by Dr. Freeman, as the ALJ noted in his opinion, and apparently also by Dr. Schwab.
 
 
 9
 Finally, the ALJ did not "forget" that Gallardo testified that he suffered pain. He noted the testimony and stated that he did not believe it.
 
 
 10
 We do not know what circumstances caused the delay in a relatively routine workers compensation case decided by a single judge, but under the facts presented to us we cannot say that the delay prejudiced Gallardo.
 
 II. Substantial evidence
 
 11
 Gallardo argues that the ALJ should have accepted Dr. Ignelzi's results rather than the conclusions of the three doctors who concluded that he was able to work. But "[t]he reviewing court's function is exhausted when it appears that there is warrant in the evidence and a 'reasonable legal basis' for the Board's award." Id. at 1333. The opinions of three doctors, including Gallardo's treating physician, warrant the ALJ's conclusion that Gallardo was not disabled. Even if Dr. Ignelzi were not so clearly outnumbered, "our task is not to reweigh the evidence, but only to determine if substantial evidence supports the ALJ's findings." Lockheed Shipbuilding v. Director, OWCP, 951 F.2d 1143, 1146 (9th Cir.1991).
 
 
 12
 Gallardo also complains that the ALJ erred in stating that a whole-person rating was necessary to determine partial disability for an unscheduled injury. See 33 U.S.C. §§ 908(c)(21), 908(h) (when a particular injury is not listed in the statutory schedule, a wage comparison is necessary to determine compensation for partial disability). But given that the ALJ concluded that Gallardo could return to work and was not disabled, the method of measuring the compensation due for disability is immaterial.
 
 III. Costs
 33 U.S.C. § 926 provides:
 
 13
 If the court having jurisdiction of proceedings in respect of any claim or compensation order determines that the proceedings in respect of such claim or order have been instituted or continued without reasonable ground, the costs of such proceedings shall be assessed against the party who has so instituted or continued such proceedings.
 
 
 14
 This statute "provides for the situation when a party institutes or continues a proceeding without reasonable ground." Metropolitan Stevedore Co. v. Brickner, 11 F.3d 887, 891 (9th Cir.1993). While we affirm the ALJ's decision, Gallardo was not without reasonable ground for instituting or continuing his claim for benefits. We do not award National its costs on this appeal.
 
 
 15
 AFFIRMED.
 
 
 
 **
 Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3