O’SCANNLAIN, Circuit Judge,
concurring specially:
I concur in the court’s opinion, which faithfully applies our precedents extending deference under Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), to the Director of the Office of Workers’ Compensation Programs’ litigating positions interpreting the Longshore and Harbor Workers’ Compensation Act (“LHWCA”), 33 U.S.C. § 901 et seq. See, e.g., Gilliland v. E.J. Barbells Co., 270 F.3d 1259, 1262 (9th Cir.2001). In my view, however, our rule mandating deference to the Director’s reasonable litigating positions cannot be reconciled with Supreme Court precedent.
One of our earliest cases — if not our very first — to state that Chevron deference “extends not only to regulations articulating the Director’s interpretation, but also to litigating positions asserted by the Director in the course of administrative adjudications” was Mallott & Peterson v. Director, Office of Workers’ Compensation Programs, 98 F.3d 1170, 1172 (9th Cir.1996). As support for its extension of Chevron deference to the Director’s litigating positions, Mallott & Peterson cited the Supreme Court’s decision in Martin v. Occupational Safety & Health Review Commission, 499 U.S. 144, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991). See Mallott & Peterson, 98 F.3d at 1172. Martin, however, stands for a different proposition' — namely, that an agency’s interpretation of its own regulations is not unworthy of deference simply because it is advanced as a litigating position in an administrative adjudication. See Martin, 499 U.S. at 156-58, 111 S.Ct. 1171. That an agency’s litigating position may be entitled to deference when the agency interprets its own regulations says nothing about whether such a position may be entitled to deference when the agency interprets the statute itself. See Coeur Alaska, Inc. v. Se. Alaska Conservation Council, — U.S. -, 129 S.Ct. 2458, 2469-70, 174 L.Ed.2d 193 (2009) (distinguishing between deference to an agency’s interpretation of its own regulations and deference to its interpretation of a statute).
Indeed, the proposition that Chevron deference extends to agency statutory interpretations advanced in litigation conflicts with the Supreme Court’s more recent decision in United States v. Mead Corp., 533 U.S. 218, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). There, the Supreme Court held that Chevron deference applies only to agency statutory interpretations promulgated via “a relatively formal administrative procedure,” such as notice- and-comment rulemaking. Id. at 230, 121 S.Ct. 2164. An agency statutory interpretation adopted merely as a litigating position plainly fails this test.
Since Mead, our circuit has nonetheless continued to give Chevron deference to the Director’s litigating positions. See, e.g., Gilliland, 270 F.3d at 1262 (reaffirming *1151 post-Mead that “the Director’s interpretation of the LHWCA is entitled to deference if it is contained either in a regulation or in the Director’s litigation position within an agency adjudication, so long as the interpretation is reasonable” (emphasis removed)). As a consequence, we find ourselves in conflict with the decisions of three other circuits. See Day v. James Marine, Inc., 518 F.3d 411, 418 (6th Cir.2008) (accepting the Director’s concession that his litigating position was not entitled to Chevron deference); Pool Co. v. Cooper, 274 F.3d 173, 178 n. 3 (5th Cir.2001) (“[I]t is now clear that when the Director advances interpretations of the LHWCA in litigation briefs, such interpretations merit not Chevron deference, but Skidmore deference.”); Ala. Dry Dock & Shipbuilding Corp. v. Soivell, 933 F.2d 1561, 1563 (11th Cir.1991) (“We owe deference to official expressions of policy by the Director, who does administer the statute, but settled law precludes us from affording deference to an agency’s litigating position.” (citation omitted)), abrogated on other grounds by Bath Iron Works Corp. v. Dir., Office of Workers’ Comp. Programs, 506 U.S. 153, 113 S.Ct. 692, 121 L.Ed.2d 619 (1993). Before this split of authority grows even wider, we should revisit in light of Mead our precedents governing the deference we owe the Director’s litigating positions.
I respectfully suggest that the time is ripe for us to revisit our circuit’s law governing the deference we owe the Director’s litigating positions.