NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEVERLY HALE, | No. 18-72869 |
| Petitioner, | BRB No. 17-0523 |
| v. | |
| BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC.; et al., | MEMORANDUM* |
| Respondents. | |

| | |
|---|---|
| LUZ VERDUCCI, | No. 18-73063 |
| Petitioner, | BRB No. 17-0551 |
| v. | |
| BAE SYSTEMS SAN FRANCISCO SHIP REPAIR, INC.; et al., | |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted February 11, 2020
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: R. Guy Cole, Jr.,[**] Ronald M. Gould, and Mary H. Murguia, Circuit Judges.

The Longshore and Harbor Workers Compensation Act (the Longshore Act) is a federal law enacted to protect longshore and harbor workers who suffer injuries related to their employment. *See Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 470–71 (1992); *see also Matulic v. Dir., OWCP*, 154 F.3d 1052, 1057 (9th Cir. 1998) (discussing the "humanitarian purposes" of the statute). It does so in part by requiring employers to pay death benefits to dependents of workers who die as a result of a work injury. 33 U.S.C. §§ 904, 909. In the two cases before this court, Petitioners Beverly Hale and Luz Verducci—both widows of California shipyard workers who were allegedly exposed to asbestos on the job and suffered fatal illness as a result—seek compensation under the Longshore Act. Respondent-Employers argue that Hale and Verducci forfeited their benefits under § 33(g) of the Act, which terminates benefits when "the person entitled to compensation (or the person's representative) enters into a settlement with a third person" for the employee's disability or death for an amount less than that to which they would otherwise be entitled under the Act and fails to obtain the approval of the employer before doing so. *Id.* § 933(g).

---

[**] The Honorable R. Guy Cole, Jr., United States Chief Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Here, the settlements in question were not signed by the widows. Instead, the settlements were between third parties and the decedents' daughters, who were successors-in-interest to certain legal claims their fathers filed while still alive. In both cases, the United States Department of Labor's Benefits Review Board (BRB) determined that because the settlements bound all heirs—including the widows—the agreements triggered the forfeiture provision and the widows' Longshore Act benefits were therefore terminated. Because we conclude that the forfeiture provision was not triggered, we reverse the BRB orders and remand for further proceedings consistent with this order.

We begin, as we must, with the text of the statute. *Cowart*, 505 U.S. at 475. The parties agree, as do we, that the "person entitled to compensation" in each case is the surviving spouse. Even if the widows were ultimately bound by the third-party settlements signed by the daughters, no record evidence suggests that Hale or Verducci personally "enter[ed] into a settlement with a third person." 33 U.S.C. § 933(g)(1). There is similarly a dearth of record evidence to suggest that the daughters acted as agents on the widows' behalves. Indeed, California law specifies that the daughters, as successors-in-interest, operated not on behalf of the widows but instead on behalf of the decedents' estates. *See* Cal. Civ. Proc. Code § 377.11.

That leaves the question whether any "person's representative . . . enter[ed] into a settlement with a third person" such that the forfeiture provision was triggered.

18-72869

33 U.S.C. § 933(g)(1). The statutory phrase "the person's representative" refers to the "legal representative of the deceased." *Mallott & Peterson v. Dir., OWCP [Stadtmiller]*, 98 F.3d 1170, 1172 (9th Cir. 1996), *overruled on other grounds by Price v. Stevedoring Servs. of Am., Inc.*, 697 F.3d 820 (9th Cir. 2012) (en banc). The phrase is therefore only applicable when a covered employee is deceased and may only exert his or her Longshore Act claims through a legal representative. It does not apply in circumstances like these where the Act's benefits accrue to a living, breathing "person entitled to compensation."

In short: neither the "person entitled to compensation" nor any relevant "representative" entered into a third-party settlement in either of these cases. *See* 33 U.S.C. § 933(g)(1). Consequently, § 33(g)'s forfeiture provision was never triggered. We therefore reverse the orders of the Benefits Review Board and remand for further proceedings consistent with this order.[1]

**REVERSED AND REMANDED.**

---

[1] We grant BAE Systems's unopposed motion for judicial notice of court filings related to Verducci's husband's civil claims. (18-73063, Dkt. No. 26.) We deny BAE Systems's motion in footnote one of its Answering Brief in Case No. 18-72869 to strike certain of Hale's arguments based on perceived violations of Circuit Rule 17-1.4(b) because any error was harmless.

*Hale v. BAE Sys. San Francisco Ship Repair*, 18-72869

*Verducci v. BAE Sys. San Francisco Ship Repair*, 18-73063

GOULD, Circuit Judge, dissenting:

I respectfully dissent and would affirm the Benefits Review Board decisions on the basis that Beverly Hale and Luz Verducci ("Petitioners") "enter[ed] into" third-party settlements without getting approval from decedents' employers, thus triggering the forfeiture provision under 33 U.S.C. § 933(g).

As the majority explains, § 33(g) of the Longshore and Harbor Workers Compensation Act forfeits benefits when "the person entitled to compensation . . . enters into" an unapproved third-party settlement. *Id.* I agree with the majority that Petitioners were "person[s] entitled to compensation" under the Act and that decedents' daughters did not act as Petitioners' agents when they executed the third-party settlements. I disagree with the majority as to whether Petitioners themselves entered into the settlements.

Black's Law Dictionary defines "enter" as "to become a party to," as in "they entered into an agreement." *Enter*, BLACK'S LAW DICTIONARY (11th ed. 2019). The majority concludes that Petitioners did not enter into the third-party settlements because they did not sign the settlements and there is no record evidence to suggest that either subjectively intended to become parties.

1

To determine whether Petitioners entered into the settlements, we must apply California contract law and first look to the plain language of the settlements. *Golden v. Cal. Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1089 (9th Cir. 2015). Under California contract law, courts must "give effect to the mutual intention of the parties as it existed" at the time the contract was executed by looking to the contract's terms. *Wolf v. Walt Disney Pictures & Television*, 76 Cal. Rptr. 3d 585, 601 (Cal. Ct. App. 2008) (quoting CAL. CIV. CODE § 1636); *see also* CAL. CIV. CODE § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

Here, as the majority acknowledges, the plain language of the settlements binds Petitioners to its terms as "heirs" to the decedents. Accordingly, I read the settlements as expressing an objective intention that Petitioners be bound by and parties to the settlements. If Petitioners had filed disclaimers, or if the attorneys who orchestrated the settlements—the same attorneys who represented Petitioners—had specifically excluded Petitioners from the settlements, then the settlements would not have evidenced such an intention. But that is not the case here. I conclude that our panel is compelled by the plain language of the agreements to affirm the Benefit Review Board decisions in the *Hale* and the *Verducci* cases.

2